BORRIN NORBERG v. EMIL S. HEINEMAN, MARTIN BUTZEL
AND MAGNUS BUTZEL, IMPLEADED WITH THE
ERIE IRON CO.

*Attorneys in circuit court, authority of to appear, presumed—Corporation,
waiver of right to be sued in home county.*

1. The authority of attorneys, in good standing, who have appeared for a defendant to a suit in the circuit court, will be presumed until the contrary is shown, and no rule, statute or authority exists, requiring such attorneys upon demand of the opposite party, to affirmatively establish their power to act for defendants in whose behalf they have entered an appearance in due form.

2. A defendant corporation, in a suit for a labor debt, can consent to be sued out of the county where its works and business office are located.

Error to Wayne. (Speed, J.)    Argued November 17, 1885.    Decided January 20, 1886.

Assumpsit.    Defendants Heineman and the Butzels bring error.    Affirmed.

The defendant, the Erie Iron Co., entered a general appearance in the case in justice's court by an attorney of record of Wayne county, and the remaining defendants filed a plea in abatement, averring the corporate existence of their co-defendant under Act 113, Session Laws of 1877, and that its mines, works and business office were located in Marquette county, Michigan, and praying judgment if they were liable jointly with said corporation, for the work and labor of plaintiff, for said corporation, except in an action wherein the corporation had been served with process in a court of competent jurisdiction.    Plaintiff demurred to the plea, which demurrer was sustained by the justice and defendants pleaded the general issue, with a notice setting forth same special defense as plea.    Plaintiff recovered judgment and defendants appealed to the circuit court. The remaining facts are stated in the opinion.

*Geo. S. Hosmer*, for appellants :

The circuit court was without jurisdiction, and this defense is available under the general issue : § 4112 How. Stat. It is not want of jurisdiction of the person in the ordinary sense. The Legislature has prescribed the manner in which such labor debts may be enforced, and the jurisdiction to entertain a suit when this is the subject matter, is confined by the statute cited. The distinction between the case at bar and *Thompson v. Mutual Benefit Association*, 52 Mich. 522, is marked. There is no restriction against bringing suit in any county against such corporation as was sued in that case.

Defendant had the right to demand the authority of plaintiff's attorney, and authority of McDonald to appear for defendant corporation.

In justice's court this right is given by Sec. 6870, How. Stat. In the upper courts, where the justice of the case requires it, the attorney will be required to show his authority : Weeks on Attorneys, 349 ; *King v. Oliver*, 4 How. (Miss.), 333.

*Griffin & Warner*, for plaintiffs :

As to proof of authority of attorneys of courts of record to appear, cited, *Reece v. Reece*, 66 N. C. 377 ; *Wheeler v. Cox*, 56 Iowa 36 ; *Thomas v. Steele*, 22 Wis. 207 ; *Manchester Bank v. Fellows*, 28 N. H. 302–7 ; *Beckley v. Newcomb*, 24 N. H. 360 ; *O'Flynn v. Eagle*, 7 Mich. 306 ; Burrell's Pr. vol. 1, 37 ; Weeks on Attorneys, § 196 ; *Low v. Settle*, 22 W. Va. 387.

MORSE, J. Plaintiff sued the defendants jointly under the provisions of section 4110, How. St., to recover for his personal labor rendered for the Erie Iron Company, the other defendants being stockholders of said company. At the time suit was commenced, the mine, works and business office of the iron company were located in the county of Marquette, and not in the county of Wayne, where the suit was brought. The suit was planted in justice's court, and judgment therein rendered in favor of plaintiff for the amount of his claim. The defendant appeared in such suit by James H. McDonald, as its attorney. Defendants Heineman and the Butzels appealed to the circuit court where

judgment was again obtained by plaintiff. Upon the trial in the circuit court the defendants Heineman and Butzels demanded the authority of Mr. McDonald to appear for the Erie Iron Company, to which demand the court replied, " I do not think it necessary ;" to which ruling exception was taken. Afterwards, however, the plaintiff called McDonald as a witness, and he testified that he was an attorney-at-law residing in Detroit, and represented the iron company, and upon cross-examination he produced the following authority, signed by the secretary of the company :

" *To James H. McDonald, Attorney-at-Law, Detroit, Mich.:* You are instructed, authorized and empowered to appear on behalf of the Erie Iron Company in all suits which may be brought in any justice's court in the city of Detroit against said iron company.
                    " Erie Iron Company.
                         " Per W. A. Wright, *Secretary.*"
" Dated August 16, 1884."

There does not seem to have been any question made in the justice's court as to his right or authority to represent the iron company there.

Mr. McDonald, being an attorney of the circuit court, until a showing to the contrary was made, must, we think, be presumed to have authority to appear for the company. We know of no rule, statute or authority requiring attorneys in the circuit court, upon demand of the opposite party, to affirmatively establish their power to act for the clients in whose behalf they have entered appearance in due form. We also think the authority shown by him sufficient to authorize his appearance in justice's court, and to follow the cause upon appeal into the circuit. Neither could there be any valid objection under the proofs to the appearance of Mr. Warner as attorney for the plaintiff, who was not present, in the circuit court. The authority of attorneys in good standing to appear in the circuit courts is presumably valid, and no showing was made affecting Mr. Warner's right to represent the plaintiff ; but, on the contrary, evidence was given tending to show his authority to prosecute plaintiff's claim.

It is also urged that this action could not be maintained in Wayne county under the statute, inasmuch as the mine and business office of the defendant corporation was in Marquette county. This question is not raised by the corporation itself, but by the other defendants, who alone appeal to this Court. It must be presumed that the Erie Iron Company undertook to waive this provision of the statute confining such actions against it to Marquette county, and endeavored by its duly-authorized attorney to submit itself to the jurisdiction of the court in this case. It is contended by the counsel for appellants that this is a privilege the defendant corporation could not exercise; that it is not a jurisdiction of the person in the ordinary sense, but that the Legislature has by the act giving the plaintiff a right of action against the corporation and stockholders jointly, also prescribed the manner in which the debt may be enforced; and the jurisdiction to entertain a suit, when the subject-matter is a labor debt, imposed upon stockholders by the constitution, is confined by the statute to the place where the works and business office are situated. The statute referred to provides that " personal actions against said corporations shall be commenced only in the county where the mine or smelting or other manufacturing works are situated, or in the county where the business office in the State is located."

It was clearly enough decided by the action of a majority of this Court in *Arno v. Wayne Circuit Judge*, 42 Mich. 362, in granting the writ of mandamus in that case, as well as by the language used by Mr. Justice Cooley, that under this statute a defendant corporation in such a suit as this can consent to be sued out of the county where its works and office are located. It was also decided in *Grand Rapids, N. & L. S. R. R. Co. v. Gray*, 38 Mich. 461, and *Gott v. Brigham*, 41 Mich. 234, that even in cases where the court had no power under the constitution of this State to try a cause against a non-resident of the municipality in which the court of a limited jurisdiction was holden, and that the Legislature had no power to thus extend its jurisdic-

tion, yet as the court was acting under such supposed power, and defendant had pleaded the general issue, and gone to trial, a judgment against him must be affirmed because of his waiver of jurisdiction. In *Thompson v. Mutual Ben. Ass'n*, 52 Mich. 522, the filing of a demurrer was considered a waiver of objection to the jurisdiction over the person, although it was conceded that the statute only authorized the suing of the corporation in the county where its business office was located. It seems to us that it was within the power of the defendant corporation to submit itself to the jurisdiction of the court, and that it did so.

The judgment of the circuit court is affirmed, with costs.

CHAMPLIN, J., concurred. CAMPBELL, C. J., and SHERWOOD, J., concur in the result.