WILLIAM COOT v. A. MILAN WILLETT, PROBATE JUDGE
OF IONIA COUNTY.

*Incompetent person—Appointment of guardian—Mandamus
—Restoration.*

1. Proceedings to test the validity of orders of the probate court appointing guardians for incompetent persons have universally been brought to this Court by *certiorari* or writ of error.

2. One who has been adjudged an incompetent person, and delays for six years to take the usual method to test the validity of the proceedings, is not in a position to invoke the discretionary writ of *mandamus* to compel the probate court to hear his petition to set aside the incompetency order because of alleged jurisdictional defects appearing upon the face of the proceedings, he alleging in such application that he was never incompetent.

3. *Mandamus* is a proper remedy to compel the probate court to proceed to a hearing and determination, upon a proper petition, of the present competency of one who has been adjudged an incompetent person.

*Mandamus.* Argued October 4, 1892. Granted October 12, 1892.

Relator applies for *mandamus* to compel respondent to hear the petition of relator for the termination of the guardianship over his estate. The facts are stated in the opinion.

*Mitchel & Hawley,* for relator.

*F. D. M. Davis,* for respondent.

PER CURIAM. The relator was adjudged an incompetent person by the probate court of Ionia county, August 20, 1886, and one Levi J. Barnard was appointed guardian. He gave the required bond, and has ever since had the

charge and control of the estate of said alleged incompetent. On May 24, 1892, relator filed his petition in the probate court of said county, praying that the order adjudging him incompetent might be set aside and, held for naught, on the ground that it was void for jurisdictional defects appearing upon the face of the proceedings. The respondent refused to entertain the petition for the reason that he had no authority to vacate a final order or decree rendered by the court. Relator now asks for the writ of *mandamus* to compel the respondent to proceed and hear his petition upon the merits.

Proceedings of this character, to test the validity of orders of the probate court appointing guardians, have universally been brought to this Court by *certiorari* or writ of error. Relator alleges that he was never incompetent, and that the petition itself does not show a case of incompetency. If this were so, he certainly should have proceeded promptly, and taken the usual method to test the validity of the proceedings. We do not think he is in position, under this allegation in his petition, to invoke the discretionary writ of *mandamus* to compel action on the part of the probate court, which might very seriously affect those who have acted in good faith in reliance upon the jurisdiction of the court.

Undoubtedly the relator might petition the court for the termination of the guardianship upon the ground of his present competency, and the court in that case should proceed to a hearing upon the merits of such a petition. We think the petition is sufficient for that purpose.

The writ will therefore issue, directing the respondent to proceed to a hearing and determination of the present competency of the relator to have the charge and control of his property.