JOSIAH W. SHERWOOD AND ELIZA S. SHERWOOD v. FRANK D. M. DAVIS, CIRCUIT JUDGE, OF IONIA COUNTY.

*Mandamus—Remedy by appeal.*

*Mandamus* will not lie to obtain a decision upon the merits in a chancery case, appeal being the proper remedy.

*Mandamus.* Argued May 7, 1895. Denied May 28, 1895.

Relator applied for *mandamus* to compel respondent to vacate on order. The facts are stated in the opinion.

*John Nichol (A. A. Ellis* and *Charles P. Locke,* of counsel), for relators.

*Thomas F. McGarry* and *George E. Nichols,* for respondent.

GRANT, J. Relators are the owners of 160 acres of land. Upon 100 acres was a mortgage of $5,500, and upon the 60 acres one of about $2,000. They borrowed of one William Vincent $7,000 for the purpose of paying off these mortgages, securing this loan by a mortgage upon the same property. Sherwood agreed to pay the other $500 so as to leave Vincent's mortgage the first lien. Relators claim that they agreed with Vincent that they might cut and remove sufficient timber to pay the remaining $500 due upon the mortgages. Vincent denies such an agreement, and claims that Mr. Sherwood told

him he had debts due him which he could collect, and pay the other $500. Subsequently Sherwood induced one Hawley to indorse two notes for him, aggregating $500, for the purpose of paying this deficiency, and gave a chattel mortgage to Hawley. Sherwood insists that at this time he made an agreement with one Temple, the agent of Vincent, permitting him to cut and remove the timber, and that this chattel mortgage was given to Hawley as security for the payment of the money realized from the sale of the timber, upon the Hawley notes. The timber was situated upon the 60-acre tract. Sherwood began to cut and remove the timber, whereupon the first mortgagee obtained an injunction preventing it. Vincent also, learning subsequently that Sherwood had erected a mill upon the land, and was cutting and removing the timber, filed his bill and obtained an injunction. Hawley afterwards filed a petition to so modify the injunction as to permit timber to be cut sufficient to pay the notes which he signed with Sherwood. Vincent also filed a petition praying that Hawley be ordered to exhaust his chattel mortgage security, or that he be subrogated to the rights of Hawley under said chattel mortgage. After hearing these petitions, the court, on September 13, 1894, entered an order refusing to modify the injunction or to direct Hawley to proceed to sell and dispose of the property under the chattel mortgage, but directing that said Vincent be subrogated to all the rights of said Hawley under and by virtue of his chattel mortgage and the notes secured thereby; that Hawley be directed upon demand to assign them to Vincent; and that, upon such assignment, Vincent be empowered and authorized to sell sufficient of the property to satisfy the expenses of sale and the amount due on the notes, and to release Hawley from liability in so far as the amount realized should pay the notes. Subsequently relators filed a petition to vacate the above order. This the court denied, and the purpose of this petition is to secure the

writ of *mandamus* to compel the respondent to vacate that order.

It appears that a large amount of testimony was taken upon the various issues involved in these petitions, and the court found that no agreement to permit Sherwood to cut the timber was made between him and Vincent, and that Vincent had no knowledge of any such arrangement made between Sherwood, Hawley, and Temple, and that Temple had no authority to make such an arrangement. He further found that the chattel mortgage was given to indemnify Hawley against loss for the payment of the notes, and not for loss by misappropriating the proceeds from the sale of the timber, and failing to apply them as agreed. This appears to be an attempt to obtain a decision upon the merits in a chancery case by *mandamus* rather than by appeal. The facts are all found against the relators. If the evidence justifies the facts, the order of the court is right. *Mandamus* is not the proper remedy to review such an order. Appeal is the only proper remedy.

The issuance and retention of the injunction were within the discretion of the respondent, and, under the facts as he found them, he not only did not abuse his discretion, but was fully justified in both granting and retaining the injunction.

This case well illustrates both the inconvenience and the impropriety of the attempt to review such cases in this manner. The papers presented for our examination, including the testimony, cover nearly 200 pages of type-written matter.

The writ is denied, with costs.

The other Justices concurred.