GRIFFIN v. WATTLES.

1. PLEADING—COURT RULES—JOINING DILATORY PLEA AND PLEA TO MERITS—APPEAL.

Circuit Court Rule No. 6, permitting the filing of a plea to the merits with a plea in abatement, and prescribing the order in which the respective issues shall be tried, does not abrogate the common-law rule that the overruling of a dilatory plea cannot be reviewed on appeal when the defendant proceeds with a trial upon the merits.

2. SAME—WAIVER.

Whether the fact that a defendant, under the rule, files a plea to the merits with his dilatory plea, should in itself be construed as a waiver of the right to a review of the court's decision upon the dilatory plea,—quære.

3. SAME—CONSTRUCTION—PRESUMPTIONS.

While it is competent for a defendant to file a dilatory plea to one count of a declaration, and plead to the merits to another count, still, where a declaration contains a special count and the common counts, and a plea in abatement to the special count is accompanied by a plea to the merits which is in terms broad enough to cover all of the counts, it will be presumed that it was intended to be so construed.

4. SAME.

But, conceding that the plea to the merits, when filed, went to the common counts merely, a motion by defendant to set aside his default entered on the special count, after the overruling of the plea in abatement, upon the ground that a plea to the merits had been filed in the case, would be equivalent to a new plea to the merits on the special count.

Error to Wayne; Donovan, J. Submitted January 24, 1899. Decided February 6, 1899.

Debt by Levi T. Griffin against Greenleaf C. Wattles upon a judgment. From a judgment for plaintiff on verdict directed by the court, defendant brings error. Affirmed.

*J. A. McLennan*, for appellant.

*Levi T. Griffin, in pro. per.*

HOOKER, J. In an action commenced in circuit court, a declaration containing the common counts and a special count upon a New York judgment was filed. To this the defendant filed a plea in abatement as to the special count, alleging the pendency of another suit. At the same time he filed another and separate plea of the general issue, to which he appended a notice of the statute of limitations, which notice is, by its express language, made applicable to each cause of action declared upon. A demurrer was filed to the plea in abatement, which demurrer was sustained, and the defendant was required to answer over within 15 days, and, in case of his failure to do so, it was provided that his default might be entered. His default was accordingly entered on the special count. Counsel for the defendant then made a motion to set aside the default, upon two grounds: *First*, because a plea of the general issue was filed with the plea in abatement; *second*, because, pending the issue raised by the demurrer, the cause was noticed for trial by counsel for the plaintiff. The fact is that it was noticed for hearing upon the demurrer, and for trial. The default was set aside, with costs against the plaintiff, and the parties proceeded to trial, without objection upon the part of the defendant. Judgment was rendered in favor of the plaintiff, and the defendant has brought the case here by writ of error. The errors assigned are that the court erred in sustaining the demurrer to the plea in abatement, and in directing a verdict for the plaintiff, and rendering judgment thereon.

The first question to be considered is whether, upon the record, the ruling upon the demurrer can be reviewed. It is a rule of the common law that rulings upon dilatory pleas cannot be reviewed when the defendant has subsequently pleaded to the merits, as the right to review is thereby waived. Under that practice, a plea in abatement must precede the plea to the merits, and the practice

of accompanying a plea in abatement by a plea to the
merits, to the same count, was unknown. 1 Enc. Pl. &
Prac. 32, 33, and note 1. Cir. Ct. Rule No. 6 permits
this practice, and provides the order in which the respec-
tive issues of fact shall be tried. It is urged that the
object of this rule was to give to the defendant the right
to review questions which arise upon the dilatory plea,
notwithstanding the fact that he shall have proceeded
with a trial of the merits upon the other plea. We find
nothing in the rule to indicate such an intention. It
would have been easy for the court, in framing the rule,
to have placed this question beyond dispute, had it been
the intention to give the rule such effect. 2 How. Stat. §
6409, in authorizing this court to frame rules for the cir-
cuit courts, requires the court to make said rules with the
view of "abolishing all fictions and unnecessary  *  *  *
proceedings," the "simplifying and abbreviating of the
pleadings and proceedings," the "expediting of the decis-
ions of causes," etc. We have seen that the common law,
with a view to the same end, prohibits a defendant from
putting his adversary to the expense of a trial of the
merits, if he would test the correctness [of proceedings
upon dilatory pleas. To review such questions, he must
incur the hazard of a judgment against him. This court
has steadily adhered to this practice, although frequently
importuned to so change the rules as to permit the course
which the common law condemns. The statute, like the
common law, looks upon a speedy trial of the merits as a
desirable result; and a practice which delays, by per-
mitting technical and dilatory tactics, is contrary to the
policy of both, and we cannot give an unnecessary con-
struction to Rule 6 which would have that effect. Indeed,
a plausible view to be taken of Rule 6 is that filing a plea
to the merits with the plea in abatement, to one and the
same count, is in itself a waiver of the right to review the
decision of the court upon the plea in abatement, if ad-
verse to the defendant, especially as in such case it pro-
vides for an immediate trial upon the plea to the merits,

and that, unless a defendant is content to abide the decision of the trial court upon the questions raised by the dilatory plea, he should not accompany it by a plea to the merits. If, on the contrary, he desires to take the judgment of the court thereon, without delaying proceedings, he may file both pleas.

But we find it unnecessary to pass upon that question. The defendant went to trial upon the merits. Our attention is not called to any claim upon the trial that this plea applied merely to the common counts. Counsel relies on Rule 6 as a justification for his practice; yet, if the plea of the general issue was intended to apply merely to the common counts, the invocation of the rule is unnecessary, for it was always competent to file a dilatory plea or demur to one count, and plead to the merits to another. Steph. Pl. 257. Again, the plea itself and the notice accompanying it are broad enough to cover all counts, and they not only do not state that they were intended to apply only to the common counts, as they should do if that were the design, but the notice is expressly made to cover all causes of action declared upon.

Furthermore, defendant obtained an order setting aside the default upon the special count, upon the ground that there was a plea to the merits filed in the case; and, unless that plea was understood to apply to the special count, he was not entitled to that order. In our opinion, such motion and order, followed by a trial upon all of the counts, should be held equivalent to a new plea to the merits upon the special count, were we to hold that the plea, when filed, was to the common counts merely. It will not be contended that had the defendant filed a new plea to the special count, as permitted by the order sustaining the demurrer, he could still review the questions involved in the dilatory plea. In our minds, the course taken by counsel for the defendant amounted to the same thing.

We think, therefore, that the questions arising upon the plea in abatement cannot be reviewed here, and, as coun-

sel discusses no question that does not depend upon that plea, the judgment must be affirmed.   It is so ordered.

GRANT, C. J., MONTGOMERY and LONG, JJ., concurred. MOORE, J., did not sit.