## AMBOS *v.* INGHAM CIRCUIT JUDGE.

MANDAMUS—REFUSAL OF JUDGE TO ENTER DECREE.

While *mandamus* would lie to compel a circuit judge to decide a suit in chancery in which he should refuse to sign any decree, the writ cannot be invoked to compel him to enter the specific decree which relator desires.

*Mandamus* by William J. Ambos to compel Howard Wiest, circuit judge of Ingham county, to enter a decree of divorce in favor of relator. Submitted March 27, 1900. Writ denied April 3, 1900.

Relator filed a bill for divorce against his wife. The bill was filed November 9th. The jurat bears date November 4th, and the petitioner says that he cannot say whether it was actually sworn to on that day or some later day.

On November 4th complainant also made an affidavit, entitled in the cause, to the effect that the defendant was not a resident of Michigan, but was a resident of the city of Columbus, Ohio. Upon this the court made an order of publication, which order was properly served upon the defendant at Columbus, Ohio, in accordance with Act No. 210 of the Public Acts of 1899. A default was duly entered, proofs taken in open court, and the judge took the case under advisement. He subsequently notified complainant's solicitor by letter (the solicitor residing in Detroit) that a decree of divorce would not be granted, because the affidavit of residence was made several days before the bill was filed and the order of publication made. Relator now applies for the writ of *mandamus* to compel the circuit judge to sign a decree giving him a divorce.

*Arthur D. Prosser*, for relator.

GRANT, J. (*after stating the facts*). We may infer that no decree dismissing the bill has been entered. This court will not compel a circuit judge to sign a particular decree. If he refuses to sign any, the writ of *mandamus* would issue to compel him to decide the case and enter such decree as he thinks is proper. Respondent returns that he is satisfied from the proofs that the material allegations of the bill of complaint are true. Chancery cases are heard *de novo* in this court, and, if the case were here on appeal, we might not concur in the conclusion reached by the circuit judge. The circuit judge has not refused to enter a decree, but has refused to enter such a decree as complainant wants. If the learned judge thinks that the circuit court had no jurisdiction, it is his duty to enter a decree dismissing the bill, whereupon relator could appeal, and the case would be before us on the jurisdictional question raised, and also upon the merits. The writ of *mandamus* cannot be invoked to compel the court below to enter a specific decree.

The writ is denied.

The other Justices concurred.