128    543
s87NW  792
133    699

### FISHER v. WAYNE CIRCUIT JUDGE.

PLEADING—WITHDRAWING DEMURRER—COSTS—MANDAMUS.

Where defendant entered a plea in bar after interposing a demurrer, and the court refused to hear the demurrer on the ground that it had been waived by filing the plea, such refusal amounted to leave to withdraw the demurrer; and, such court being of opinion that no costs should be allowed to plaintiff, a *mandamus* to compel the rendition of a judgment overruling the demurrer, with the incident costs, will not be granted.

*Mandamus* by Edward Fisher to compel Flavius L. Brooke, circuit judge of Wayne county, to enter judg-

ment on a demurrer. Submitted July 19, 1901. Writ denied November 4, 1901.

*S. E. Engle*, for relator.

*Brennan, Donnelly & Van De Mark, Earl D. Babst*, and *Otto Kirchner*, for respondent.

PER CURIAM. Five separate suits were brought against John Scott and others, based upon negligence in constructing a certain building in Detroit, which collapsed. S. E. Engle was attorney for the plaintiffs in the five suits. The defendants interposed demurrers in each case. One case was heard in the court below, and the demurrer sustained. That decision was reversed in this court, and the case remanded. *McBride* v. *Scott*, 125 Mich. 517 (84 N. W. 1079). Pending the decision of that case in this court, the other cases remained *in statu quo*. After the decision was rendered in this court, and a motion for rehearing denied, the relator here and plaintiff in one of the other suits made a motion for judgment upon demurrer. Meanwhile, and before that motion and similar motions in the other cases were heard, the defendants interposed pleas in bar. The attorney for relator insists that he is entitled to judgment overruling the demurrers in the other cases, and to costs incident thereto.

By interposing the pleas, the defendants waived the demurrers. *Cicotte* v. *County of Wayne*, 44 Mich. 173 (6 N. W. 236); 6 Enc. Pl. & Prac. 380, and authorities there cited. While the defendants could not withdraw their demurrer and plead over without leave of the court, the refusal of the court to hear the demurrer upon the ground that a plea had been filed and the demurrer thereby withdrawn was tantamount to the granting of such leave *nunc pro tunc;* and as it appears that no costs were awarded, and the respondent has returned that in his discretion no costs should be allowed, and would not have been allowed had they been asked, we think the *mandamus* should be denied, without costs.