### STEEL *v.* CLINTON CIRCUIT JUDGE.

1. MANDAMUS—PLEA IN ABATEMENT—WAIVER.

   *Mandamus* will not lie to compel a circuit-judge to reinstate a plea in abatement, stricken from the files on the ground that the right to maintain it had been waived, since the action of the court is reviewable on writ of error after final judgment, in case defendant shall see fit to stand upon his plea, and otherwise the point is waived.[1]

2. PLEADING—ABATEMENT—EFFECT OF MOTION TO STRIKE.

   An order striking a plea in abatement from the files has the same effect as if the judge had directed a jury to render a verdict for the plaintiff upon the trial of the issue raised by the plea.

*Mandamus* by George A. Steel to compel George P. Stone, circuit judge of Clinton county, to reinstate a plea

---

[1] See *Grand Rapids & Ind. R. Co.* v. *Charlevoix Circuit Judge, ante,* 122.

in abatement.   Submitted May 12, 1903.   (Calendar No.
19,929.)   Writ denied July 8, 1903.

*H. E. & E. L. Walbridge*, for relator.

*Norton & Dooling*, for respondent.

HOOKER, C. J.   The defendant, relator herein, a resi-
dent of Detroit, was sued in an action of case in the county
of Clinton by one John C. Hicks.   The action was begun
by summons December 30, 1899.   The defendant caused
his general appearance to be entered January 6, 1900.
On February 24, 1902, the plaintiff's default for not filing
a declaration was entered, and this order was set aside,
upon a stipulation, on March 19, 1902.   On March 22,
1902, a declaration was filed, and on March 25th a demand
for a bill of particulars of plaintiff's claim was served.
The declaration consisted of special counts, wherein the
plaintiff's causes of action were set forth at great length.

On October 7, 1902, the defendant filed a plea in abate-
ment, in which he claimed that the plaintiff was not the
owner of the alleged causes of action, but that they
belonged to a bank located in Gratiot county, and that
they were transferred to the plaintiff for the sole and only
purpose of enabling the bank to litigate its claim through
and in the name of the plaintiff, but for its sole benefit, by
acquiring jurisdiction of said defendant in Clinton county,
and thereby avoiding a suit against him at his residence
in Detroit.

On November 13, 1902, the plaintiff served his bill of
particulars, and on November 15, 1902, a motion was
made to strike the plea in abatement from the files, upon
the ground that the right to maintain such a plea was
waived (1) by the entry and service of defendant's appear-
ance; (2) by filing an affidavit and entering plaintiff's de-
fault, and subsequently making a stipulation to vacate the
same; (3) by demanding a bill of particulars; (4) by reason
of his delay, especially as defendant at all times knew the
nature of plaintiff's claim; (5) because the plea was not

filed within the time prescribed by rule; ᵛ(6) because the plea is not signed by counsel.   This motion was granted. Thereupon, upon application to this court, an order was issued to the circuit judge directing that he show cause why a peremptory *mandamus* should not issue, requiring him to reinstate such plea.

The question raised by defendant's plea is, Did the court acquire jurisdiction over the person of the defendant? The court has seen fit to dispose of this question by holding that it did, and, although the subject was disposed of upon a motion to strike the plea from the files, the result and order are in no essential respects different from what they would have been had the judge directed a jury to render a verdict for the plaintiff upon a trial of the issue raised by such plea.   He has "proceeded and determined" that issue, and it is not proper practice to compel him by *mandamus* to do it again because we may think he erred in his conclusions.   As well might we issue a *mandamus* to correct any other error in disposing of such issue.

It should not be forgotten that this is a dilatory plea, and the order interlocutory.   It is not the policy of the law to interrupt proceedings, and postpone a hearing of the merits of a case, to enable parties to review, and possibly correct, the proceedings of the trial court at successive stages. It was the practice of the common law never to review an action at law until it reached a final judgment, and that has been the practice adopted in this State; and especially is it so in relation to dilatory pleas, which are not favored.

One who demurs to a declaration must let the case go to a final judgment before he can complain of error in such order.   If he pleads, he waives the question.   The same is true of pleas in abatement.   He must be content to stand upon his plea, and review the adverse judgment on error, or the point will be waived.

In *Thompson v. Benefit Ass'n*, 52 Mich. 524 (18 N. W. 247), one was held to have waived a jurisdictional question by appearing and filing a demurrer; citing several cases from other States.   See, also, *Norberg v. Heineman*, 59 Mich. 210 (26 N. W. 481).

" And the fact that a defendant had previously moved to dismiss the case does not render a general appearance any the less effectual to confer jurisdiction. *Manhard* v. *Schott*, 37 Mich. 234. When a defendant appears and objects to the jurisdiction, and his objection is overruled, he must then elect either to stand upon his objections or to go into the merits." · MONTGOMERY, J., in *Stevens* v. *Harris*, 99 Mich. 233 (58 N. W. 230).

In the case of *Michigan Mut. Fire-Ins. Co.* v. *Wayne Circuit Judge*, 112 Mich. 272 (70 N. W. 582), MOORE, J., with the approval of the entire bench, after calling attention to the fact that there was a want of consistency in the opinions, declared the rule to be:

"The writ will be entertained when the court has refused to retain jurisdiction, supposing it had no jurisdiction when it had jurisdiction in fact, because, if the writ was not entertained under such circumstances, the party would be without remedy. On the contrary, if the court claims jurisdiction in a case where it is not entitled to exercise it, such action of the court can be reviewed by appeal or writ of error. In such a case the writ of *mandamus* ought not to issue. Applying these general principles to the case now here, we do not regard it as a case where the writ should issue. If the court is wrong in asserting jurisdiction, the aggrieved party has a remedy by writ of error."

In *Watkins* v. *Plummer*, 93 Mich. 217 (53 N. W. 165), one sued on a note pleaded the general issue, and it was said to be a waiver of jurisdictional questions. The court said: "It was known to defendant that the action was not necessarily brought in the name of the real owner."

In *Griffin* v. *Wattles*, 119 Mich. 346 (78 N. W. 122), it was said:

"It is a rule of the common law that rulings upon dilatory pleas cannot be reviewed when the defendant has subsequently pleaded to the merits, as the right to review is thereby waived. Under that practice, a plea in abatement must precede the plea to the merits. * * * We have seen that the common law, with a view to the same end, prohibits a defendant from putting his adversary to the expense of a trial of the merits, if he would test the

correctness of proceedings upon dilatory pleas.   To review such questions, he must incur the hazard of a judgment against him.   This court has steadily adhered to this practice, although frequently importuned to so change the rules as to permit the course which the common law condemns.   The statute, like the common law, looks upon a speedy trial of the merits as a desirable result; and a practice which delays, by permitting technical and dilatory tactics, is contrary to the policy of both, and we cannot give an unnecessary construction to Rule 6 which would have that effect."

See, also, *Reed* v. *St. Clair Circuit Judge*, 122 Mich. 156 (80 N. W. 985); *Ambos* v. *Ingham Circuit Judge*, 123 Mich. 618 (82 N. W. 267); *City of Detroit* v. *Wayne Circuit Judge*, 125 Mich. 634 (85 N. W. 1).

The rule extends to criminal cases (see *Maynard* v. *Ingham Circuit Judge*, 124 Mich. 465 [83 N. W. 102]; *Hosford* v. *Gratiot Circuit Judge*, 129 Mich. 302 [88 N. W. 627]), and to garnishment (see *Freud* v. *Saginaw Circuit Judge*, 125 Mich. 670 [85 N. W. 193]).   See, also, *National Fraternity* v. *Wayne Circuit Judge*, 127 Mich. 186 (86 N. W. 540); *Fisher* v. *Wayne Circuit Judge*, 128 Mich. 543 (87 N. W. 792); *Poupard* v. *Judge of Recorder's Court*, 129 Mich. 662 (89 N. W. 577); *Welling* v. *Antrim Circuit Judge*, McGrath, Mand. Cas. 95; *Rosen* v. *Wayne Circuit Judge*, Id. 96; *Rosenberg* v. *Clinton Circuit Judge*, Id. 97; *Taylor* v. *St. Clair Circuit Judge*, 32 Mich. 95; *Snyder* v. *Lapeer Circuit Judge*, McGrath, Mand. Cas. 220; *Willson* v. *Gratiot Circuit Judge*, 104 Mich. 155 (62 N. W. 293); *Bailey* v. *Calhoun Circuit Judge*, McGrath, Mand. Cas. 260; *Harris* v. *Muskegon Circuit Judge*, Id. 261; *Smith* v. *Wayne Circuit Judge*, 84 Mich. 564 (47 N. W. 1092); *Coot* v. *Ionia Probate Judge*, 93 Mich. 304 (53 N. W. 395); *McBride* v. *Common Council of Grand Rapids*, 32 Mich. 360; *St. Clair Tunnel Co.* v. *St. Clair Circuit Judge*, 114 Mich. 417 (72 N. W. 249).

The writ is denied, with costs.

The other Justices concurred.