UPTON *v.* GERBER.

1. EJECTMENT—INFANTS—HOMESTEAD INTEREST—PARTIES—ABATE-
MENT.
    In ejectment by an infant to recover his homestead interest in
    the estate of his deceased father, a plea in abatement of
    the pendency of a suit by the mother to recover her home-
    stead rights therein, brought on behalf of herself and minor
    children, but to which plaintiff is not a party, cannot be sus-
    tained.

2. PLEADING—ABATEMENT—JUDGMENT—WRIT OF ERROR.
    An order sustaining a plea in abatement to, and quashing, one
    of the counts of a declaration, may be reviewed on writ of
    error after trial and final judgment on the remaining counts.

3. EJECTMENT—ADMINISTRATOR'S SALE—VALIDITY.
    Under 3 Comp. Laws, § 9129, providing that in an action relat-
    ing to any estate sold by an administrator, in which an heir
    shall contest the validity of the sale, such sale shall not be
    avoided on account of any irregularity in the proceedings, if
    certain essential requirements, enumerated in the section,
    shall appear, *held*, in ejectment by an heir claiming a fee,
    that defendant's possession under an administrator's deed was
    a full protection, it appearing that the statutory requirements
    had been complied with.

Error to Newaygo; Palmer, J.    Submitted January 13,
1904.    (Docket No. 26.)    Decided March 15, 1904.

Ejectment by William H. Upton, an infant, by Helen
L. Upton, his next friend, against Joseph Gerber and
others.    From a judgment for defendants, plaintiff brings
error.    Reversed.

*E. L. Gray* ( *M. Brown*, of counsel ), for appellant.

*Martin Rozema*, for appellees.

HOOKER, J.    The plaintiff is a minor, and one of four
heirs of his deceased father.    He brings ejectment by

his next friend, who is his mother, and who was also administratrix of his father's estate. The defendant claims under an administratrix's deed which he received from her upon a sale supposedly authorized by law under the direction of the probate court, and he relies upon his deed and possession under the same. The cause was tried before the court, and findings of fact and law were filed. They are as follows:

"1. That on the 18th day of April, 1894, Adonijah E. Upton was the owner in fee simple of the lands described in the declaration, subject to an incumbrance on which there was a balance due of about $2,200.

"2. On said day he died, leaving a widow and five children, one of whom (the plaintiff) was at that time, and still is, a minor. At the time of his said death, and for a long time prior thereto, a part of said premises were occupied by said Upton and his said family as their homestead.

"3. Deceased died intestate, and his widow was appointed administratrix of his estate.

"4. Commissioners on claims were appointed, and claims amounting to $1,692.28 were allowed by them against the estate.

"5. On the 14th day of October, 1895, the said administratrix petitioned the probate court for said county for leave to sell the real estate belonging to said estate for the payment of said debts, the personal property being insufficient to pay them.

"6. After due notice of hearing given, and a hearing had, the said probate court on the 11th day of November, 1895, duly licensed said administratrix to sell said real estate for said purpose.

"7. Said probate court made an order in said matter exempting said administratrix from giving a bond on the sale of said real estate.

"8. She took the oath prescribed by law before sale.

"9. The notice of the time and place of sale, as required by statute, was duly given.

"10. The premises were sold accordingly on the 25th day of April, 1896, to the defendant Joseph Gerber for the sum of $3,600.

"11. Said sale was duly confirmed by said probate court on the 27th day of April, 1896.

"12. A deed in the usual form was thereupon given by said administratrix to said Joseph Gerber.

"13. The said widow and children voluntarily moved off from said premises, and said Gerber took possession, and has remained in possession ever since. The other defendants are tenants under him.

"14. Said Joseph Gerber purchased said premises in good faith, and the purchase price was used to pay off said incumbrance, and the balance was applied to the payment of the amounts allowed by the commissioners on claims.

"15. This action was commenced by plaintiff by declaration, which contained three counts. By the first and third counts, he claimed title in fee simple to an undivided fourth interest in the whole of said premises, as one of the heirs at law of said deceased. In the second count he claimed his homestead right in part of said premises. To the first and third counts defendants pleaded the general issue, and to the second count a former suit pending was pleaded in abatement. On the 6th day of June last, an order was entered by this court sustaining the said plea in abatement, and quashing said second count. This judgment has not been appealed from, and has not been set aside or reversed.

"16. I therefore find, as a conclusion of law, that the defendants are entitled to a judgment of no cause of action, with costs."

The declaration was in three counts, two of which claimed an undivided fourth in fee, and the other a homestead interest. A notice of a former suit pending was filed as to the second count, which claimed the homestead interest. This issue was heard, and the plea sustained. An order was entered quashing the count, and the court then proceeded to a trial of the case upon the other counts, which resulted in a judgment for the defendants in accordance with the finding. The plaintiff has brought the case to this court by writ of error. He seeks to review the rulings upon the trial of both issues. Counsel for the defendants contends that the order quashing the second count is not reviewable, because not appealed from.

An examination of the record shows that a former action was begun against this defendant by Helen L. Upton to

recover the possession of the homestead on behalf of herself and her children, including this minor plaintiff. The question was heard in this court, and decided against her claim, on a bill to restrain said action. See *Gerber* v. *Upton*, 123 Mich. 605 (82 N. W. 363). But the homestead right of the children was sustained. We find nothing in the record tending to show that the original ejectment suit is not pending, and, if that suit is one in which this plaintiff's rights can be adjudicated so as to bind him, the judgment of the court upon that question was right. The record shows none of the pleadings or proceedings in the ejectment case, except the declaration, and that shows Helen L. Upton to be the only party plaintiff, though she claims the right to possession on behalf of herself and her infant children, whose ages are not given, and it does not allege that she is their guardian. The plaintiff is not a party to that action, nor was he to the chancery case which grew out of it. He would not have been bound by a decision in favor of the defendant, and so it cannot be said that this suit upon his behalf can be abated by reason of a suit by the mother to recover her homestead rights. All of the evidence upon the hearing is before us, and we are of the opinion that the second count should not have been quashed. This is involved in the judgment, and the question was properly brought here by the writ of error. This is not a case where a plea has been overruled, and the question waived by pleading over. In such a case the defendant should stand on his plea, and after judgment bring error, if he wishes to review the question. See *Griffin* v. *Wattles*, 119 Mich. 346 (78 N. W. 122). Here the plea was sustained, and the plaintiff was precluded from prosecuting the homestead claim. He waited until final judgment was entered, and took his writ of error, which was a proper practice.

We have already seen that the court sustained the plaintiff's homestead rights in the equity case. The defendants' counsel concedes that he would have been entitled to recover had the count not been quashed. It follows that

the judgment must be reversed, and the cause remanded, with directions to reinstate the second count.

The plaintiff's claim upon the other branch of the case cannot be sustained. The defendant is in possession under an administrator's deed, which is a full protection in this case, under 3 Comp. Laws, § 9129, and note. See *Norman* v. *Olney*, 64 Mich. 554 (31 N. W. 555).

The judgment is reversed, and a new trial ordered.

The other Justices concurred.