HALLWOOD CASH REGISTER CO. *v.* WAYNE CIRCUIT JUDGE.

MANDAMUS — SETTING ASIDE DEFAULT — DISCRETION OF COURT — REMEDY BY ERROR.

> Where the circuit judge has acted on a motion to set aside a default and permit the filing of an amended plea, by granting the motion on condition that defendant appear and plead to the merits, mandamus will not lie to compel him to vacate the conditions, as the court's exercise of discretion will not be interfered with, and any error in the decision may be reviewed by allowing the case to go to judgment and raising the question by writ of error or case made.

Mandamus by the Hallwood Cash Register Company to compel Henry A. Mandell, circuit judge of Wayne county, to set aside a default. Submitted January 10, 1905. (Calendar No. 20,855.) Writ denied February 28, 1905.

*Henry C. Walters,* for relator.

*Clark, Jones & Bryant,* for respondent.

HOOKER, J. The defendant attempted to file a plea to the jurisdiction in an action at law, but it was not lawfully verified, owing to an error in the venue, and the failure of the Ohio notary to attach a certificate of his official character. This plea was treated by the plaintiff's counsel as no plea, and the default of defendant for want of appearance and plea was regularly entered. 1 Green, New Prac. pp. 210, 211, and cases cited.

A motion to set aside this default, and another to set it aside and permit the filing of an amended plea, were made on March 17th. The former was denied, and the latter granted upon condition that defendant appear and plead to the merits. In November we denied a mandamus to compel the judge to make an unqualified order setting aside

the default. We have now another application, based upon the second motion, designed to compel the judge to vacate the conditions contained in his order.

The judge does not manifest an indisposition to try this cause. He has not refused to hear and decide these motions. Counsel are here upon the proposition that he has not decided them correctly. This record presents no case for remedy by mandamus, *first*, because we should not interfere with the exercise of discretion; and, *second*, because the defendant can raise the question upon writ of error or case made, if he is willing to allow the case to go to judgment. Apparently he wants to get the case reviewed on the jurisdictional question while reserving the right to try the merits if ultimately defeated. That, however, is not one of his rights, as we have frequently held. The questions are fully considered in the late cases of *Griffin* v. *Wattles*, 119 Mich. 346, and *Steel* v. *Clinton Circuit Judge*, 133 Mich. 695, where the authorities are collected. As in the latter case, which is substantially on all fours with this case, the court has decided the question of jurisdiction. The only way in which this conclusion can be avoided is to say that this court will by mandamus compel the trial court to proceed *properly* in a case. The rule is that, where a court refuses to proceed with a case, it may be compelled to do so, and decide it. With this rule has gone the other rule that this court will not direct such court how to decide it, but will leave that to the trial court. It is only by introducing the word "properly" into the former rule, and thus enlarging the remedy, that there is occasion to vary the latter. When this is done, the writ of mandamus is made to perform the office of an appeal, which all of the authorities agree cannot properly be done. Want of discrimination, or willingness on the part of counsel to have the rule enlarged, and the proposition that the court should not raise questions in a cause, may have led to some decisions which do violence to these principles, while the principles themselves are persistently reasserted and reiterated. It is plain in this case, as already stated,

that the circuit judge has decided the question before him, and we have no occasion to set the court in motion. His error, if there be one, we cannot correct upon mandamus, because, if for no other reason, it is within defendant's power to review it at a proper time in another manner, if it has confidence enough in the justice of its claim to stand upon it. If not, it must consent to make its defense upon the merits.

The writ is denied.

MOORE, C. J., and CARPENTER, McALVAY, and GRANT, JJ., concurred.