STEVENS v. WAYNE CIRCUIT JUDGE.

MANDAMUS—ADEQUATE REMEDY — APPEAL AND ERROR — EQUITY.
The entry of a decree of divorce will not be ordered on mandamus against a circuit judge who finds complainant entitled to the divorce on the ground of extreme cruelty but refuses to enter the decree for want of jurisdiction of the defendant; the appropriate remedy being by appeal. *Ambos v. Ingham Circuit Judge*, 123 Mich. 618.

Mandamus by Wilbur W. Stevens to compel George S. Hosmer, circuit judge of Wayne county, to render a decree in divorce proceedings. Submitted March 3, 1910. (Calendar No. 23,903½.) Writ denied April 1, 1910.

*Willard E. Warner*, for relator.

McALVAY, J. Relator by mandamus proceedings seeks to compel the respondent, Hon. George S. Hosmer, one of the judges of the circuit court for Wayne county, to grant a certain specific decree in his favor in a cause of divorce heard before respondent in said court, or, in lieu thereof, to grant an order in said cause under section 488, 1 Comp. Laws.

The return of respondent shows that there is no dispute upon the facts. Relator filed his bill of complaint against his wife, praying for a divorce on the ground of extreme cruelty. No personal service was had upon defendant. A three months' order of publication, based upon an affidavit of relator, was granted and duly published. Defendant did not appear in the case. The bill of complaint was taken as confessed against her, and a hearing was had upon pleadings and proofs offered by complainant, before respondent, then presiding. Upon the conclusion of the hearing respondent said that although the proofs in his opinion were sufficient to entitle relator to a decree of

divorce on the ground of extreme cruelty, yet, under the pleadings and the testimony given by complainant, he did not consider that the court had jurisdiction under a three months' order to grant a decree of divorce in the case. Respondent therefore refused to sign the decree presented to him by relator, and also to grant an order presented for signature to extend the time one month for the appearance of defendant. Upon these facts the proceedings in this application are based.

In a case identical with the one here presented this court held that it would not compel a circuit judge to sign a particular decree. *Ambos* v. *Ingham Circuit Judge*, 123 Mich. 618 (82 N. W. 267). See, also, *Sherwood* v. *Ionia Circuit Judge*, 105 Mich. 540 (63 N. W. 509). Respondent has not refused to act in this case. The record shows plainly that his intention is to enter a decree dismissing the bill of complaint. The remedy of relator is by an appeal from that decree. Upon that hearing the jurisdictional questions sought to be raised by these proceedings will be before us for consideration.

The writ is denied, but without costs, which are waived by respondent.

OSTRANDER, HOOKER, BROOKE, and BLAIR, JJ., concurred.