HEMPEL *v.* BAY CIRCUIT JUDGE.

1. JUDGMENT—SERVICE IN ACTION ON JOINT OBLIGATION—JUDGMENT
AGAINST ALL DEFENDANTS—EXECUTION.
   Although under 3 Comp. Laws 1915, § 12798, in actions
   against two or more persons upon any joint obligation,
   upon due proof that the process or declaration has been
   served upon either of such persons, the defendant so
   served shall answer to the plaintiff, and the judgment in
   such action, if rendered in favor of the plaintiff, shall be
   against all of the defendants in the same manner as if
   all had been served; but such judgment could not be en-
   forced against the sole property of parties not served
   with process, unless they appeared generally.

2. SAME—SUFFICIENCY TO BIND ONE OF JOINT DEBTORS.
   The sufficiency of a judgment in point of law to personally
   bind one of the joint debtors against whom the judgment
   is taken cannot be anticipated or ruled on in advance.

3. ATTORNEY AND CLIENT—WARRANT OF ATTORNEY.
   It is not necessary for an attorney of the court to pro-
   duce or file any warrant of attorney authorizing him to
   act for a client (3 Comp. Laws 1915, § 12404).

4. APPEARANCE—PARTIES MAY APPEAR BY ATTORNEY OR PERSONALLY.
   Under Art. 2, § 12, of the Constitution, and 3 Comp. Laws
   1915, § 12261, persons of full age and sound mind, sued
   jointly as copartners, could, at their election, appear by
   attorney or defend in person.

5. SAME—GENERAL APPEARANCE WAIVES QUESTIONS OF SERVICE OF
PROCESS.
   A general appearance waives all questions of the service
   of process, and is equivalent to a personal service.

6. PROCESS—PLEADING TO THE MERITS WAIVES QUESTIONS OF SER-
VICE OF PROCESS.
   Pleading to the merits brings the parties before the court
   whether lawfully served with process or not, and they
   cannot thereafter object to the manner in which they are
   brought in.

7. JUDGMENT—JOINT DEBTORS — WAIVER OF PROCESS — JUDGMENT
AUTHORIZED AGAINST DEFENDANTS APPEARING GENERALLY.
   Where defendants were sued upon a joint obligation or
   liability arising out of a business in which they were
   partners, and only one of the partners was served per-
   sonally, but all by their attorney appeared generally and
   pleaded the general issue, and there was no proof that
   they were not adults of sound mind, a finding in favor
   of plaintiff entitled him to a judgment against all the
   defendants in the same manner as if all had been served.

Mandamus by Charles Hempel to compel Samuel
G. Houghton, circuit judge of Bay county, to vacate
an order denying a motion to enter judgment. Sub-
mitted April 17, 1923. (Calendar No. 30,771.)
Writ granted April 27, 1923.

*Kinnane & Leibrand,* for plaintiff.

STEERE, J. On October 20, 1921, plaintiff com-
menced an action of assumpsit by declaration filed in
the circuit court of Bay county against the five de-
fendants, John, Sam, Abe, Isadore and Myer Blumlo,
doing business as the Saginaw-Bay City Auto Wreck-
ing Co., a copartnership. Process was duly issued
against all defendants and put in the hands of a
deputy sheriff for service. After personal service had
been made on defendant John Blumlo, Oscar W. Baker,
a regular practicing attorney of that court, filed notice
of retainer by and entered the appearance of all of
said defendants, serving a copy on plaintiff's attorneys,
which, omitting title, etc., is as follows:

   "To the above named plaintiff:
   "Please take notice that I have been retained as at-
torney by the defendants in the above entitled cause
whose appearance is hereby entered and a demand
made for a bill of particulars of plaintiff's claim as set
forth in his declaration.
   "Dated: November 7, 1921.
                                "OSCAR W. BAKER,
                              "Attorney for Defendants."

On November 9, 1921, plaintiff's attorneys filed a bill of particulars and served a copy on Baker as defendants' attorney.   On November 15, 1921, Baker filed and served upon plaintiff's attorneys a plea of the general issue as follows:

"Now come the said defendants and demand a trial of the matters and things set forth in the bill of particulars and declaration of plaintiff.
"OSCAR W. BAKER,
"Attorney for Defendants."

The cause being at issue, was then regularly placed upon the December, 1921, term calendar of that court for trial and thereafter continued for the four succeeding terms on motion of said Baker who presented in defendants' behalf various grounds therefor.   The case was finally brought to trial at the October term, 1922.   Baker participated in the trial as counsel for defendants.   Plaintiff introduced oral evidence of defendants' liability, supported by the following memorandum:

"Bay City, Michigan, July 15, 1921.
"This is to certify that Charles Hempel has traded Overland for Chevrolet.   We are to furnish parts and he is to furnish labor to complete car.
"BAY CITY AUTO WRECKING COMPANY,
per SAM."

And also defendants' certificate of copartnership on file with the county clerk reading as follows:

"Certificate to be filed with the county clerk in accordance with Act No. 101, Public Acts 1907, State of Michigan.
"This is to certify, that Saginaw-Bay City Auto Wrecking Company is a copartnership and that the full name or names of the person or persons owning, conducting or transacting the business of said firm, together with the postoffice address or addresses of each of said firm, is as follows:
"John Blumlo, 1412 Columbus Ave., Bay City, Mich.

"Sam Blumlo, 514 N. Jackson St., Bay City, Mich.
"Abe Blumlo, 112 S. Farragut St., Bay City, Mich.
"Isadore Blumlo, 1412 Columbus Ave., Bay City,
Mich.
"Myer Blumlo, 1416 Sixth St., Bay City, Mich.
          (Signed)    "SAGINAW-BAY CITY
                        AUTO WRECKING COMPANY,
                          "By JOHN BLUMLO."

Early in the case Baker stated to the court that
defendant Isadore Blumlo was a minor against whom
a judgment would not be good, but furnished no evi-
dence as to his age.    No testimony was introduced in
behalf of defendants.

At close of proofs the following colloquy occurred
between court and counsel:

"*The Court:* I think he would be entitled to a judg-
ment for $300.

"*Mr. Baker:* And have the curtains?

"*The Court:* Well, the testimony is he was '  fur-
nish everything complete.

"*Mr. Baker:* Well, talking about the contract, under
the contract—

"*The Court:* Well, isn't that part of the contract,
the top?   It is not a mechanical part.

"*Mr. Leibrand:* Does not your honor think we are
entitled to something for damages?

"*The Court:* I don't hardly think so, under the testi-
mony.    I think you may have a judgment for $300.

"*Mr. Baker:* Who against, your honor?

"*The Court:* Against the defendants.    There can-
not be any personal judgment against the boy under
21.

"*Mr. Baker:* And there cannot be any personal
judgment against only the partners served?

"*The Court:* That is all.

"*Mr. Leibrand:* There is an appearance here for all.

"*The Court:* Yes, but there cannot be any personal
judgment against only those served.

"*Mr. Baker:* And those are John Blumlo, Sr.—

"*The Court:* I don't think there can be any judg-
ment anyway on one who is not served."

Thereafter counsel argued before the court the question of whether plaintiff was entitled to a judgment against those of the defendants who were not personally served but who had appeared generally by their attorney and pleaded the general issue. At no time during the course of these proceedings was it claimed by or for any of the defendants that Baker was not authorized to appear for and represent them as their attorney. The only contention in behalf of the defense was that no judgment could be had against those not personally served.

Plaintiff's motion for judgment was held for consideration and on January 2, 1923, the court made the following order:

"CHARLES HEMPEL,
          Plaintiff,
     vs.
"JOHN BLUMLO, et al.,
          Defendants.

"Judgment having gone to plaintiff in this case the question came up on motion with reference to having same entered against the copartnership, and also the individuals named in the copartnership certificate, being all of the individuals doing business as the Saginaw-Bay City Auto Wrecking Company.

"It is elemental that personal judgment cannot be entered against persons or their individual property, unless they have been personally served with process. In this cause it seems that the company was sued, and one of the copartners served with process. In view of the general rule, a judgment could not run against the individual property of the individuals not served, consequently a judgment may be entered in the case against the copartnership, and the individual partner served with process."

Plaintiff's counsel thereafter obtained from this court an order to show cause why upon the undisputed facts found by the court to establish a liability of $300 judgment should not be entered against all the defendants.

The foregoing facts are either admitted or not denied in the return, which concludes:

"Defendant further says that he believes he was correct in making the order of January 2, 1923, as set forth in paragraph 9 of the petition for an order to show cause and that no personal judgment under service of the declaration, appearance of attorney and testimony introduced in said cause could be entered against the individuals composing the defendant co-partnership other than John Blumlo, Sr."

These defendants were sued upon a joint obligation or liability arising out of a business in which they were partners. Had they not appeared generally in the case and pleaded the general issue unquestionably execution would not lie against those not personally served, but one of them was personally served and section 12798, 3 Comp. Laws 1915, provides that in such case:

"* * * Upon due proof that the process or declaration has been served upon either of such persons, the defendant so served shall answer to the plaintiff, and the judgment in such action if rendered in favor of plaintiff, shall be against all of the defendants in the same manner as if all had been served."

The sufficiency of the judgment in point of law to personally bind one of the joint debtors against whom the judgment is taken cannot be anticipated or ruled on in advance. *Gunzberg* v. *Miller*, 39 Mich. 80. *Vide*, also, 3 Comp. Laws 1915, § 12834.

In this case, however, all defendants by their attorney entered a general appearance in the case and filed their plea of the general issue. Baker's authority to act as their attorney was not questioned by them, and it was not necessary for him, being an attorney of the court, to produce or file any warrant of attorney authorizing him to act (3 Comp. Laws 1915, § 12404; *Norberg* v. *Heineman*, 59 Mich. 210). Presumably these partners were adults of sound mind. There was

no proof to the contrary. They could at their election appear by attorney or defend in person. (Constitution of Michigan, art. 2, § 12; 3 Comp. Laws 1915, § 12261.)

In *Creighton* v. *Kerr*, 87 U. S. (20 Wall.) 8, it is said:

"A general appearance waives all question of the service of process. It is equivalent to a personal service."

Here defendants not only entered a general appearance but pleaded to the merits by filing and serving a plea of the general issue.

"Pleading to the merits brings the parties before the court whether lawfully served with process or not, and they cannot thereafter object to the manner in which they are brought in." *Manhard* v. *Schott*, 37 Mich. 234.

*Vide,* also, *Maxwell* v. *Deens*, 46 Mich. 35; *Dailey* v. *Kennedy*, 64 Mich. 208; *Gunn Hardware Co.* v. *Denison*, 83 Mich. 40; *Hannah & Lay Co.* v. *Mosser*, 105 Mich. 18; *Graham* v. *Cass Circuit Judge*, 108 Mich. 425; *Dunlap* v. *Byers*, 110 Mich. 109; *Fisher* v. *Hardwood Manfg. Co.*, 120 Mich. 490; *Improved Match Co.* v. *Insurance Co.*, 122 Mich. 259; *Lacomb* v. *Godkin*, 143 Mich. 193; *Roscoe* v. *Browne*, 35 Pa. Sup. Ct. Rep. 646; 1 Abbott's Prac. & Forms (Mich.), § 564.

The court having found that plaintiff was under the evidence entitled to a judgment for $300, judgment should have been rendered and entered against all the defendants in the same manner as if all had been served.

Writ will issue as prayed.

WIEST, C. J., and FELLOWS, MCDONALD, CLARK, BIRD, SHARPE, and MOORE, JJ., concurred.