THE PEOPLE EX REL. GEORGE J. TOWNSEND AND JOHN
ALEXANDER v. CASS CIRCUIT JUDGE.

*Mandamus—Garnishee disclosure.*

Mandamus lies to vacate interlocutory orders requiring a garnishee
to surrender to a receiver certain notes left with him for collec-
tion by one of the principal defendants, and to pay the receiver
all sums actually collected thereon, where the garnishee's dis-
closure does not show that the notes actually belonged to the
defendants or to either of them.

Where a garnishee's disclosure is not satisfactory, the only author-
ized course is to proceed under Comp. L., § 6467, to obtain a
farther disclosure ; otherwise the case must rest on the show-
ing as first made.

A disclosure that does not show that a garnishee had or controlled
any personal property belonging to the principal defendant, or
was indebted to him, will not support a judgment against the
garnishee.

MANDAMUS.  Motion submitted Oct. 10.  Denied Oct. 22.

*F. J. Atwell* for relators.

*Howell & Carr* and *O. W. Coolidge* for respondent.
Mandamus does not lie to correct judicial errors, *People
v. Wayne Judge,* 1 Mich., 359; *People v. Duchess County
Judges,* 20 Wend., 658; *People v. Allegan Circ. Judge,* 29
Mich., 487; *Judge of Com. Pleas v. People,* 18 Wend.,
79; *In case of Hoyt,* 13 Pet., 279; *People v. Branch
Circ. Judge,* 17 Mich., 67; nor to set aside a judgment
in garnishment proceedings for irregularity, *People v.
Superior Court of Detroit,* 32 Mich., 190; nor to direct
what judgment to enter in an action, *Turner's Case,* 5
Ohio, 542; *King v. Justices of Monmouth,* 7 Dow. & Ry.,
334; *People v. Oneida Judges,* 21 Wend., 20; *Griffith v.
Cochran,* 5 Binn., 103; if a garnishee's statement is
doubtful it should be construed against him, *Cleveland v.
Clap,* 5 Mass., 201; *Sebor v. Armstrong,* 4 Mass., 206.

GRAVES, J.  This is a hearing on return to an order

to show cause why mandamus should not issue to require the rescission of two orders made in certain garnishee proceedings against the relators.

It appears from the return that one Mary Springsteen prosecuted her action in the circuit court for Cass county against Eli Green and Aaron Thorp as copartners, and on the 10th of March, 1877, recovered against them for $803.41 damages and $23.50 costs. That on the 27th of the same month one Howell acting in behalf of the plaintiff in the judgment made and filed in said court his affidavit to procure garnishee process against the relators upon the claim that they had property, money, goods, chattels, credits and effects in their hands or under their control belonging to said Aaron Thorp, or belonging to him and said Eli Green, and further that they were justly indebted to said Aaron Thorp or to him and said Eli Green; that garnishee process was thereupon issued and on the 28th of said month was served on the relators. That on the same day they personally appeared and made disclosure in these terms:

"That said George J. Townsend and John Alexander being each duly sworn says, and each for himself for answer as such garnishee says, that on or about the 2d day of December, A. D. 1876, Aaron Thorp, one of the principal defendants above named left with these deponents for collection certain notes and accounts amounting in all to about the sum of two thousand and three hundred dollars. That at the time of leaving said notes and accounts, the said Aaron Thorp stated that such notes and accounts were deposited for collection for said Aaron Thorp and another party which said other party is not mentioned in said writ of garnishment, and that the proceeds of said notes and accounts when collected, should be remitted to said Thorp and said other party at Dowagiac, Mich. These deponents further answering say, and each for himself says, that they have no knowledge as to whether the said notes and accounts belonged to the said Aaron Thorp, or to the said Aaron Thorp and Eli Green, or to some other person further than is above stated. These deponents further answering say, and each for himself says, that there were remaining in their hands at the time of the service of said writ of garnishment, to wit, March 28th,

1877, of said notes and accounts to the amount of about the sum of two thousand dollars which are now in their hands for collection as aforesaid. These deponents further say that many of said notes and accounts are worthless and cannot be collected, and hence they are unable to state the value of said notes and accounts."

It is plain that this disclosure is wholly insufficient to warrant any judgment against the relators as garnishees. It does not purport to show that they controlled or were in possession of any kind of personal property belonging either to Thorp alone or to Thorp and Green; or that they were indebted to Thorp alone, or to Thorp and Green. And yet as the case was framed it was necessary that the investigation should establish one of these results.

The inquiry was carried no further, however, and acting upon the opinion that the disclosure was uncandid and evasive, and that he had power to deal with it summarily, the judge made an order reciting that relators were in possession of promissory notes and accounts belonging to Aaron Thorp, and ordering that George Ketcham, one of the circuit court commissioners, should be a receiver to take into his possession all of said notes and accounts and collect the same with all convenient speed, and the money so collected thereon hold subject to the further order of the court, and ordering further that relators forthwith deliver said notes and accounts to said receiver. A few days later he made a further order that relators forthwith pay to said receiver all moneys in their hands collected from the notes and accounts mentioned in their disclosure and likewise deliver to him any security by chattel mortgage that they might hold securing any of said accounts.

These orders were quite unwarranted. The disclosure not being satisfactory the proper course in furtherance of the proceedings was to take steps under Comp. L.,

§ 6467 to elicit further and more precise information. No other practice was authorized.

The remedy is purely statutory and artificial, and the mode of conducting it is regulated and defined by enactment. The statute provides that in case of failure to prosecute inquiry under the provision mentioned the disclosure will be deemed sufficient, and such must be the result whether the disclosure be a good or bad one. The necessary effect of stopping at the disclosure made and not going on to investigate pursuant to the statute was to allow the case to rest on a disclosure palpably "insufficient." The circuit judge was asked to set aside these orders and refused. He should have complied with the request and reinstated the relators.

An objection is made that *mandamus* is not a proper remedy. If not, it is difficult to see what redress sufficiently direct and expeditious to correct the unwarrantable interference made with relators' possession by these orders, could be found. Their legal right was clear and the excess of power in making the orders is undoubted. They were interlocutory and not final proceedings, and it could not be anticipated when or what the final judgment might be. Still the objectionable orders contemplated that relators' rights should be immediately superseded and their possession and control entirely taken away.

We think the remedy by *mandamus* is authorized and that relators are entitled to relief under it.

The writ must issue.

The other Justices concurred.