JOSEPH J. STEVENS v. ALBERT HARRIS AND WILLIAM
FISH.

*Justices' courts—Special appeal—Demurrer—Jurisdiction—Appearance—Waiver of defects.*

1. An objection that the justice erred in holding, against the
   objection of the defendant, that the plaintiff's declaration was
   sufficient in law, cannot be raised by special appeal.[1]

2. In whatever form it be put, any objection by a defendant in
   justice's court that the plaintiff's declaration is insufficient in
   law is sufficient to constitute a general demurrer.

3. A general demurrer by the defendant in justice's court to the
   plaintiff's declaration is a sufficient appearance to give the
   justice jurisdiction of the person of the defendant, which
   appearance is not defeated by the subsequent withdrawal of
   the demurrer.

---

[1] For cases bearing upon the proper construction of How. Stat.
§§ 6999, 7009, which provide for a special appeal from a justice's
judgment in case there is any objection to the process, pleadings,
or other proceedings, and the decision of the justice thereon,
which would not be allowed to be made on the trial of the general appeal, and for a return by the justice as to all special matters stated and set forth in the affidavit for appeal, and of copies
of all processes, returns, pleadings, and affidavits upon which any
process issued or motion was made, and so much of the evidence
and proceedings as may be necessary fully to exhibit the questions, motions, and decisions made and presented in the case, see:

1. *Wright v. Russell*, 19 Mich. 346, holding that the statute does
not confine the appellant to the objections actually made before
the justice; and that it is as competent for a defendant to bring
a jurisdictional objection, which he is not obliged to appear before
the justice for the purpose of making, before the circuit court by
special appeal as by *certiorari*.

2. *Albert v. Sutton*, 28 Mich. 2, holding that questions as to the
admissibility of evidence are not subject to review; and *Dalton v.
Laudahn*, 30 Mich. 349; *Manhard v. Schott*, 37 Id. 234; *Webster v.
Williams*, 69 Id. 135,—holding the same doctrine.

3. *McGraw v. Sturgeon*, 29 Mich. 426, holding that the action
of a justice of the peace in refusing to summon a second jury,
after the disagreement of the first one, on the demand of the
defendant, who refused to pay the required jury fee, and in trying the case *ex parte* on the refusal of the defendant to attend
the trial without a jury, is not reviewable on special appeal.

4. *Deitz v. Groesbeck*, 32 Mich. 303, holding that mere irregularities in the proceedings before the justice cannot be raised on special
appeal; and *Benjamin v. Dodge*, 50 Mich. 41, holding that a special

Case made from Isabella. (Hart, J.) Argued January 4, 1894. Decided March 6, 1894.

*Assumpsit.* Plaintiff assigns error. Reversed, and case remanded for trial on the merits. The facts are stated in the opinion.

*Dodds & Dodds,* for appellant.

*F. C. Wallington* and *I. A. Fancher,* for defendants.

MONTGOMERY, J. This case originated in justice's court, and was removed to the circuit by special appeal. At the circuit the special appeal was brought on to be heard, and the circuit judge held that the justice never obtained jurisdiction, and dismissed the case.

The affidavit for special appeal presented two points, which we quote:

appeal is properly overruled where no question of jurisdiction is involved, and the case is in a situation to be retried on the merits.

5. *Maxwell v. Deens,* 46 Mich. 35, holding that a defendant who, on being arrested on a civil warrant, joins issue and proceeds to trial on the merits, without motion or objection of any kind, cannot take a special appeal from an adverse judgment on the grounds of the insufficiency of the affidavit on which the warrant issued and error in the decision of the justice that it was in accordance with law.

6. *Fowler v. Hyland,* 48 Mich. 179, holding that an objection that the justice had no jurisdiction over the subject-matter of the suit, can be raised on special appeal; and *Rosevelt v. Hanold,* 65 Mich. 414, holding that a question affecting the jurisdiction of the justice to render a judgment may as well be raised by special appeal as in any other manner.

7. *Woodbridge v. Robinson,* 49 Mich. 228, holding that an objection by a defendant, who did not appear, that the attorney who appeared for the plaintiff in her absence did not prove his authority, is properly taken by special appeal.

8. *Lymburner v. Jenkinson,* 50 Mich. 488, holding:

*a*—That the inference is very strong from the language of the statute that a special appeal is to reach only the decisions actually made by the justice, or which are necessarily involved in his action (*Chappee v. Thomas,* 5 Mich. 53, 57; *Wright v. Russell,* 19 Id. 346); and that, if this be the case, an error in fact must be rectified by some other process.

*b*—That the purpose of the affidavit is to bring the case into the circuit court, and to indicate the questions for consideration in that court, and it is not evidence of the facts recited for any other purpose than to secure a return.

*c*—That, if the return shows a judgment apparently correct, the

"1. That the said justice erred in holding that the return of the officer to the summons was a good return, against the objections of defendants' counsel.

"2. That the said justice erred in holding that the declaration of the plaintiff was sufficient, under the law, against the objections of defendants' counsel."

The latter objection was not one which could be raised by special appeal. *Albert v. Sutton,* 28 Mich. 2; *Dalton v. Laudahn,* 30 Id. 349; *McGraw v. Sturgeon,* 29 Id. 426; *Manhard v. Schott,* 37 Id. 234.

We think that the constable's return of service was insufficient. But it is contended by appellant that the defendants, by raising the question of the sufficiency of the declaration, and in effect entering a general demurrer, waived the defect, and conferred jurisdiction upon the justice. The return upon the subject is that "the motion set forth in the affidavit is erroneous to discontinue the

general rule is that all special assignments of error stand disproved; and, if assignments of error of fact are admissible, the rule must be the same, at least to the extent that the burden of showing error when it does not appear by the return is upon the party alleging it.

*d*—That, if parties take appeals for the correction of faults which can be easily and inexpensively corrected without them, they will be entitled in the appellate court to demand nothing that they do not show an unquestioned right to; and all just intendments will favor the correctness of judicial action.

*e*—That the rendition of two distinct judgments, one for costs on the special appeal, as if that were a distinct suit of itself, and another for damages and costs on the merits, is substantial error.

9. *Webster v. Williams,* 69 Mich. 135, holding that the allowance by a justice of the peace of an amendment to a declaration after the submission of the cause cannot be reviewed on special appeal.

10. *Peterson v. Fowler,* 76 Mich. 258, holding that a special appeal brings up only questions of law relating to the jurisdiction to proceed before the justice, which have been passed upon by him when properly brought to his attention; and, if the objections have in any manner been waived, the circuit court cannot entertain them.

11. *Freer v. White,* 91 Mich. 74, holding that where, after the denial of a motion to quash attachment proceedings in justice's court because of a fatal defect in the affidavit, the defendant, who had appeared specially for the purposes of the motion, removes the case to the circuit court by special appeal, assigning as error such refusal, the entry by his attorney of his appearance in the circuit court will not be treated as a submission to the jurisdiction of the court.

case on the plaintiff's declaration, for the attorney withdrew the motion."

This return so far corroborates the statement in the affidavit as to show that the question of the sufficiency of the declaration was presented, but afterwards withdrawn. A demurrer in justice's court must be general, and may be either written or verbal. How. Stat. § 6875. A general demurrer to a declaration is simply an objection to it on the ground that it is insufficient in law. It cannot be doubted that, in whatever form it be put, any objection in justice's court, by the defendant, that the plaintiff's declaration is insufficient in law, would be held sufficient to constitute a general demurrer. The record shows that defendants presented that question to the justice. A general demurrer is a sufficient appearance to give the court jurisdiction. *Thompson v. Association*, 52 Mich. 524; *Norberg v. Heineman*, 59 Id. 214. The fact that the defendants had previously moved to dismiss the case on other grounds does not render a general appearance any the less effectual to confer jurisdiction. *Manhard v. Schott, supra.* When a defendant appears and objects to jurisdiction, and his objection is overruled, he must then elect either to stand upon his objections or to go into the merits. When he raises the question of the sufficiency of the declaration in law, this is as much an effort to have a determination of the case as would be the tendering of an issue of fact. The return does not show affirmatively that the objection to the declaration was passed upon, though, if the affidavit is true, this is to be fairly inferred. But, whether the demurrer was withdrawn before it was finally passed upon by the justice or not, we do not think the appearance of defendants can be defeated by any subsequent attempt to withdraw the demurrer.

We think the circuit judge was in error in dismissing the cause. His judgment will be reversed, with costs, and

the case remanded to the circuit court for Isabella county, to stand for trial upon the merits.

The other Justices concurred.