112 270
s70NW 582
f133 122
e133 698
112 270
e136 275
e136 277

112 270
137 126
112 270
f139 158
f139 197
140 116
140 640
140 641

112 270
142 634

112 270
f144 328
144 363
f144 683
112 270
j145 72
112 270
146 440

112 270
150 615
112 270
f151 127

112 270
157 41

MICHIGAN MUTUAL FIRE INSURANCE CO. *v.* WAYNE
CIRCUIT JUDGE.

MANDAMUS—WHEN LIES.

Except in cases where delay is calculated to produce injury, *mandamus* will not issue to control the action of the circuit judge if the aggrieved party has a remedy by appeal or writ of error. So *held* where the writ was sought to compel the circuit judge to quash a summons for alleged insufficient service.

*Mandamus* by the Michigan Mutual Fire Insurance Company of Lansing to compel Joseph W. Donovan, circuit judge of Wayne county, to dismiss a suit for want of proper service. Submitted January 5, 1897. Writ denied April 6, 1897.

*Harlow P. Davock*, for relator.

*George Gartner*, for respondent.

MOORE, J. The office of the relator is at Lansing, Mich. The Improved Match Company commenced suit against the relator, by summons, in the circuit court in Wayne county. No service was had of this summons, and an *alias* summons was taken out, and an order made, based upon an affidavit filed in the cause, directing the service to be made upon George E. Moody, and that a copy be mailed at Detroit, Mich., to the relator, at Lansing, Mich. The relator appeared, and moved to quash the summons, because the service was not properly made, and was not made upon the defendant, nor upon an officer or agent of the company. The motion was

overruled, and this is an application for a writ of *mandamus* to compel the circuit judge to vacate his order overruling the motion to quash, and requiring him to dismiss the case for want of proper service. The circuit judge returns, among other things, that more than a year had elapsed, when the motion to quash was made, since the fire occurred for which suit was brought; that, by the terms of the policy, the liability of the company expired within one year from the fire, unless suit was brought; that the plaintiff had been diligent in seeking to get service; and that, if the service was not adequate, a *plura alias* summons should issue, instead of dismissing the suit, so as to prevent the suit abating; and that, in the exercise of his discretion, he denied the motion to quash.

In view of the growing frequency of applications for *mandamus* asking this court to review the action of subordinate courts, resulting in overloading this court with work which does not finally dispose of the case, it becomes important to decide whether, in a situation like the one at bar, the writ should issue. We are aware that the decisions of this court have not been uniform, and for that reason it is difficult to lay down a rigid rule which shall be followed in all cases. As the writ is a discretionary one, perhaps it is not desirable that an inflexible rule should be established. We think, however, a review of the decisions will indicate, in a general way, when the writ should, and when it should not, issue. It is a general rule that the writ will not lie where the law has provided another remedy. It is said a writ of *mandamus* issues because there is no other adequate remedy, and justice and good government require a redress of the wrong. A court will not be required by this writ to take any action when another remedy is provided. It will not take the place of an appeal or writ of error. Merrill, Mand. §§ 201, 209. To this rule an exception is made if the slowness of ordinary legal forms is likely to produce

such immediate injury or mischief as ought to be prevented.    Merrill, Mand. § 198; *People* v. *Cass Circuit Judgé*, 39 Mich. 410; *Talbot Paving Co.* v. *Detroit Common Council*, 91 Mich. 262.    The writ will be entertained when the court has refused to retain jurisdiction, supposing it had no jurisdiction when it had jurisdiction in fact, because, if the writ was not entertained under such circumstances, the party would be without remedy.    On the contrary, if the court claims jurisdiction in a case where it is not entitled to exercise it, such action of the court can be reviewed by appeal or writ of error.    In such a case the writ of *mandamus* ought not to issue. Applying these general principles to the case now here, we do not regard it as a case where the writ should issue. If the court is wrong in asserting jurisdiction, the aggrieved party has a remedy by writ of error.

The writ is therefore denied.

The other Justices concurred.