PEOPLE *v.* PARKER.

1. FORGERY—INSTRUMENTS SUBJECT TO—STATUTES.

A paper writing in words and figures as follows: "Canvass of 1896. 428. Name; Stewart-Hartshorn Co. hereby agree to pay, on publication, $65 for the insertion of 1 page and 1 display heading," signed "Stewart-Hartshorn Co., name of firm,"—is not within the statute (2 How. Stat. § 9213) enumerating the instruments which may be the subject of forgery.

2. SAME—COMMON-LAW RULE—INFORMATION.

Such an instrument being on its face a *nudum pactum,* an information for uttering and publishing the same, knowing it to be forged, in order to set up a common-law offense, must, by averment of matter *aliunde,* show that the instrument published was one which, if genuine, would be binding.

Exceptions before judgment from Muskegon; Russell, J. Submitted June 17, 1897. Decided September 23, 1897.

Harry J. Parker was convicted of uttering a forged instrument. Reversed, and prisoner discharged.

*F. W. Cook* (*Fancher & Stedman*, of counsel), for appellant.

*Fred A. Maynard*, Attorney General, and *R. J. Macdonald*, Prosecuting Attorney, for the people.

LONG, C. J.   On April 26, 1897, an information was filed in the Muskegon circuit, charging that—

"On the 27th day of February, 1897, at the city of Muskegon,   *   *   *   the respondent feloniously did utter and publish as true a certain false, forged, and counterfeited paper writing, promissory note, order for the payment of money, or order for other property, which said false, forged, and counterfeited paper writing, promissory note, order for the payment of money, or order for other property was in the words and figures following:  'Canvass of 1896.   428.   Name, Stewart-Hartshorn Co. hereby agree to pay, on publication, $65.00 (sixty-five dollars), for the insertion of 1 page and 1 display heading.  Stewart-Hartshorn Co.,—Name of firm.   Street address, 520 W. Ave.  Business, Shade-rollers,'—with intent then and there to injure and defraud, he, the said Harry J. Parker, at the time he so uttered and published the said false, forged, and counterfeited paper writing, promissory note, order for the payment of money, or order for other property, as aforesaid, then and there well knowing the same to be false, forged, and counterfeited, contrary to the statute in such case made and provided," etc.

To this information the respondent pleaded guilty, and his plea was duly entered of record.  Thereafter the respondent, by his attorney, moved the court for an order staying sentence and judgment, for the reasons: (1) That there was no offense alleged or set out in the information; (2) that the written instrument described and set forth in the information, as appears upon the face of said information, is not the subject of forgery, whereby the uttering

and publishing of the same as true, knowing the same to be forged, etc., is not a crime. This motion was overruled.

It is contended by counsel for respondent:

(1) That the instrument set forth in the information is not one enumerated in the statutes of this State which may be made the subject of forgery.

(2) That, if it were such an instrument as would be the subject of forgery at the common law, the allegations in the information are insufficient to constitute the uttering and publishing of a forged instrument like the one in question a crime, within the meaning of the common-law rule, as the paper upon its face is no more than *nudum pactum*, which at common law was never the subject of forgery, without the averment of extrinsic facts showing why and in what manner the paper could be made available as a legal document.

1. Section 9214, 2 How. Stat., provides that:

"Every person who shall utter and publish as true any false, forged, altered, or counterfeit record, deed, instrument, or other writing mentioned in the preceding section, knowing the same to be false, altered, forged, or counterfeit, with intent to injure or defraud as aforesaid, shall be punished by imprisonment," etc.

The preceding section provides:

"Every person who shall falsely make, alter, forge, or counterfeit any public record, or any certificate, return, or attestation of any clerk of a court, public register, notary public, justice of the peace, township clerk, or any other public officer, in relation to any matter wherein such certificate, return, or attestation may be received as legal proof, or any charter, deed, will, testament, bond or writing obligatory, letter of attorney, policy of insurance, bill of lading, bill of exchange, promissory note, or any order, acquittance, or discharge for money or other property, or any acceptance of a bill of exchange, or indorsement or assignment of a bill of exchange or promissory note for the payment of money, or any accountable receipt for money, goods, or other property, with intent to injure or defraud any person, shall be punished," etc.

We are satisfied that this instrument, whatever it may

be called, is not one of the instruments mentioned in the statute which is the subject of forgery. It is not a promissory note; it is not an order for the payment of money. As was said in *People* v. *Smith*, 112 Mich. 192:

"An order for money has a well-understood meaning, and it would hardly include the case of one who requests or directs another to solicit and receive subscriptions. Usually such an order contains a request or direction to a third party, who is indebted to the maker of the order, to pay such money to the person named."

All the present instrument purports is that Stewart-Hartshorn Company agrees to pay, on publication, $65 for the insertion of one page and one display heading. What is to be inserted is not mentioned in the instrument. What is to be published cannot be known from the instrument itself. What Stewart-Hartshorn Company was to pay for is not stated, and we think counsel correct in pronouncing it *nudum pactum.* It is not apparent how this instrument could injure any one.

2. We think it is well settled that, to constitute forgery at the common law, the forged instrument must be one which, if genuine, would bind another, and that it must appear from the indictment that such is its legal character, either from the recitals or description of the instrument itself, or, if that does not show it to be so, then by averment of matter *aliunde* which will show it to be of that character. In *People* v. *Shall*, 9 Cow. 778, the respondent was indicted for the forgery of "a certain promissory note, which said note has been and is lost, and the tenor and substance of which said false, forged, and counterfeited note is as follows: 'Three months after date, I promise to pay to Sebastian I. Shall, or bearer, the sum of three dollars in shoemaking at cash price, the work to be done at his dwelling house near Simon Vrooman, in Minden. David W. Houghtaling,'—with intent to defraud the said David W. Houghtaling." There was also a count in the indictment for uttering and publishing this instrument as true, knowing it to be forged, etc. The indictment con-

tained no averment of any extrinsic matter giving the instrument forged, allowing it to have been genuine, any force or effect beyond what it bore on its face. There was a conviction and motion in arrest of judgment, which was overruled. Mr. Justice Cowen, in delivering the opinion of the court, said:

"It is scarcely necessary to observe that the instrument set out in this indictment is not a promissory note, within the statute of Anne, and it is agreed that the writing does not come within any of the statutes of forgery, it being payable neither in money nor goods, but labor. The indictment is therefore based upon the common law. Another defect renders it utterly void, of itself, as a common-law contract. It expresses no value received, nor any consideration whatever, and no action could be maintained upon it, if genuine, as a special agreement to perform labor, without averring and proving a consideration *dehors* the instrument. The indictment avers no extrinsic fact by which it might be operative, nor is it conceivable how matter for such an averment could exist. * * * It does not come within any of the cases sustaining indictments, but to me it appears to be directly within the cases cited holding that instruments purporting to be void on their face, and not shown to be operative by averment, if genuine, are not the subject of forgery. How is it possible, in the nature of things, that it should be otherwise? Void things are as no things. Was it ever heard of that the forgery of a *nudum pactum* —a thing which could not be declared on or enforced in any way — is yet indictable? It is the forgery of a shadow."

The same rule was laid down in *People* v. *Tomlinson*, 35 Cal. 503, in which are cited, as sustaining the same doctrine: *Rex* v. *Knight*, 1 Salk. 375, 1 Ld. Raym. 527; *Reg.* v. *Marcus*, 2 Car. & K. 356; *People* v. *Shall*, 9 Cow. 778; *People* v. *Harrison*, 8 Barb. 560; *State* v. *Briggs*, 34 Vt. 501; *Com.* v. *Ray*, 3 Gray, 441; *Barnum* v. *State*, 15 Ohio, 717 (45 Am. Dec. 601); *Clarke* v. *State*, 8 Ohio St. 630. See, also, *Carberry* v. *State*, 11 Ohio St. 410; *Reed* v. *State*, 28 Ind. 396.

We are satisfied that respondent was improperly con-

victed under this information, and that he should have been discharged upon the motion in arrest of judgment. The information will therefore be quashed, and the respondent discharged.

The other Justices concurred.