ROBERTS *v.* LENAWEE CIRCUIT JUDGE.

MANDAMUS—REFUSAL TO DISMISS—JURISDICTION.

A motion to dismiss a will contest on the grounds that (1) the suit abated with the death of the contestant, (2) it has not been diligently prosecuted, and (3) because contestant has not paid the costs of a previous reversal by the Supreme Court, is in effect a motion to dismiss for want of jurisdiction and mandamus will not be granted to review its denial.

Mandamus by H. Brant Roberts to compel Guy M. Chester, circuit judge of Lenawee county, to dismiss a will contest. Submitted March 28, 1905. (Calendar No. 21,006.) Writ denied May 12, 1905.

*Thomas A. Wilson* and *Watts, Smith & Baldwin,* for relator.

*John E. Bird, John L. O'Mealey,* and *Fred B. Wood,* for respondent.

MOORE, C. J. Jacob G. Roberts died in October, 1900, at the age of 88 years, leaving, him surviving, two sons, the relator, H. Brant Roberts, and Carroll Roberts. The latter was at that time an inmate of the insane asylum at Kalamazoo. He left an estate, consisting of lands and money, of the value of several thousand dollars. After the father's death, relator offered a paper purporting to be the last will of his father to the probate court, and it was allowed. No contest was made there. The alleged will gave nearly all of the estate to relator. Charles Bidwell was appointed guardian for Carroll Roberts, and took an appeal to the circuit court. Two trials were had, the last one resulting in a disallowance of the will. The case was removed to this court, and was reversed in March, 1904. [*Roberts* v. *Bidwell,* 136 Mich. 191.]   In December,

1903, Charles Bidwell, the guardian, died. In January, 1904, Carroll Roberts was declared sane by a decree of the probate court of Lenawee county. A motion was filed in the circuit court asking to amend by striking out the name of the guardian and letting the case stand in the name of Carroll Roberts. In May, 1904, and before this motion was heard, Carroll Roberts died, leaving, him surviving, two sons, Linn Roberts and Laverne Roberts. Application was then made for administration upon the estate of Carroll Roberts, and for the appointment of his son Linn Roberts as administrator.

Counsel for relator moved the court that the case be dismissed for the following reasons:

1. Because said will contest, or the right to contest the will of said Jacob Roberts, deceased, does not survive.

2. Because said contestant had not diligently prosecuted his appeal.

3. Because said contestant has failed to obey the order of the Supreme Court adjudging costs against him.

4. Because said estate ought to be speedily settled.

The trial judge overruled the motion, and the writ of mandamus is asked to review his action.

The motion is, in effect, a motion to dismiss for want of jurisdiction. The trial judge, in overruling the matter, held he had jurisdiction. Under these circumstances the order of the court cannot be reviewed by mandamus. *Stevens* v. *Harris*, 99 Mich. 233; *Michigan Mut. Fire-Ins. Co.* v. *Wayne Circuit Judge*, 112 Mich. 270; *Steel* v. *Clinton Circuit Judge*, 133 Mich. 698.

The application for mandamus is denied.

CARPENTER, McALVAY, GRANT, and BLAIR, JJ., concurred.