CHATFIELD v. LENAWEE CIRCUIT JUDGE.

1. MANDAMUS—INJUNCTION—COMPELLING DISSOLUTION.
   Mandamus will not issue to compel a circuit judge to dissolve a temporary injunction for want of equity on the face of the bill, where, after hearing, he has denied a motion to dissolve on the same ground.

2. SAME—IRREPARABLE INJURY.
   Mandamus will not issue to compel the dissolution of a temporary injunction on the ground of irreparable injury where the applicant procured a postponement of the injunction suit after it had been set down by stipulation for an early hearing.

Mandamus by Willis Chatfield, drain commissioner of Lenawee county, to compel Guy M. Chester, circuit judge of Lenawee county, to dissolve a temporary injunction. Submitted June 6, 1905. (Calendar No. 21,134.) Writ denied June 29, 1905.

*Theodore M. Joslyn*, for relator.

*B. L. Hart* and *Bird & Sampson*, for respondent.

BLAIR, J.   Relator, who is county drain commissioner of Lenawee county, asks that a writ of mandamus may be issued out of this court, directed to the circuit judge of the county of Lenawee, requiring him to dissolve a temporary injunction issued in the case of Ira Starkweather and others, as complainants, against the said Chatfield, as defendant.

The complainants filed their bill of complaint in the circuit court for Lenawee county, in chancery, on the 24th day of September, 1904, and secured a temporary injunction restraining the defendant, as county drain commissioner, from proceeding with the construction of the Silver Creek drain, so called, in the township of Seneca, in

said county.   The bill prayed for a permanent injunction, and proceeded upon the grounds that the petition under which the drain commissioner was acting was void and of no legal force for the reasons, *first,* because said petition was not signed by ten freeholders of the township of Seneca; *second,* because the petition was not signed by five freeholders of the township whose lands would be liable to assessment for benefits in the construction of said drain.

On the 26th day of April, 1905, the defendant made a motion to dissolve the temporary injunction, which motion was heard on the 8th day of May, 1905, and the court refused to dissolve the injunction.   After making the motion to dissolve, and on the 1st day of May, 1905, the defendant filed his answer, denying all of the material allegations of the bill of complaint.   After the order of the court overruling his motion to dissolve, relator petitioned this court for an order to show cause, directed to the said circuit judge, why writ of mandamus should not issue, requiring him to dissolve said temporary injunction, which order was issued by this court, and to which the circuit judge makes return, among other things, that:

" On the 8th day of May, 1905, the motion to dissolve said injunction came on to be heard before me, and, after hearing the motion read and the arguments of counsel, I denied said motion; it appearing to me that there was equity in said bill, as shown upon the face of it."

Defendant's motion to dissolve the temporary injunction set up the following grounds:

"*First.* There is no equity on the face of said bill.

" *Second.* All material allegations of said bill are denied by an answer of the defendant and affidavits filed therewith.

" *Third.* That, although some of the signers of the petition referred to in said bill of complaint were in possession of the property liable for an assessment for benefits in the construction of said drain by reason of a contract for the purchase thereof, although they do not appear on record as owners of the fee, yet they were still

freeholders, within the meaning of the statute provided for the construction of public drains."

The affidavits filed in support of said motion were made by defendant and one Clifford Lord, and set forth:

" That the region traversed by said drain is low, damp, and unhealthy, and is in its present condition a menace to the health of the residents of the townships residing in that section; that the highway, or a portion thereof, about forty rods in length, is absolutely impassable for loads, and is very difficult to cross in any kind of a vehicle in a very wet time; that the contracts for the construction of the drain amount to about six thousand dollars, and that the contractors are men who are engaged in the sole business of constructing drains, and suffer great financial loss by being delayed by said injunction; that it is very important that the contractors ascertain as soon as possible whether said drain is to be constructed this season; that the delay in construction would be great damage and cause great injury to the territory drained by said Silver Creek drain; that the lands lying along said drain are in many cases valueless, and labor bestowed on said land is useless, on account of the lack of proper drains."

It is also set forth in the petition to this court that the drain is a large one, which would require several months for construction, and that, unless the injunction is dissolved, it will be impossible to build the same during the season of 1905; that the circuit court calendar for the county of Lenawee is congested, and that it has been impossible to reach said cause, so as to secure a hearing thereon, up until the present time, and that it will be impossible to reach said cause upon the calendar during the present year of 1905, and, if the drain is not constructed during the season of 1905, it will be impossible to construct it during the year 1906. It is also alleged in the petition that one of the owners of land along said drain, who has 80 acres of land crossed by the drain, will be forced to lose his property, on which he has expended great efforts and expense in clearing and breaking up the land, but which by reason of said lack of drainage is yearly a source of loss to him.

The respondent also returns, at the request of complainant's counsel, the affidavits of Ira Starkweather, one of the complainants, and Mr. John E. Bird, his counsel in the chancery case, which were filed on the 29th day of May, 1905, and are entitled in the present matter in this court. The affidavit of Mr. Bird alleges that his clients were desirous of a speedy settlement of the questions involved in said chancery cause, and stipulated with the relator and his counsel to place the cause on the calendar for the October, 1904, term of court; "that afterward the said relator came to this deponent and asked him to permit said cause to pass to the next term of said court, as he had another drain proceeding on which the tax was payable in November, to which the same objections might be made as in this case, and he did not want these questions raised in court until after the time for paying the other tax had passed, for fear that the other parties might object to paying the tax upon the same ground;" that the case was again stipulated upon the calendar for the January, 1905, term of said court; that no answer was filed in said cause until after the motion to dissolve the injunction, and that said cause was not at issue until the 10th day of May, 1905, when complainants filed their replication; "that, had relator desired a speedy adjustment of said cause, he could have obtained it, because this deponent and his clients have been ready at all times to have the matter submitted to the court as soon as the answer was filed therein." The affidavit of Starkweather alleges that Loudenslager, the person referred to in the petition as the owner of 80 acres, who would lose his farm unless the drain was put through, has suffered no more proportionately in the last two years on account of said land being wet than farmers have generally, and that, if he has suffered to any great extent by reason of water, "it has been due to his own fault, in failing to keep the ditch which he already has properly cleaned out, but, on the other hand, he has permitted the drain which would give him relief to become filled up on his own land, so that it

does not reasonably serve the purpose for which it was originally constructed."

It is the contention of the relator that, inasmuch as the bill of complaint filed simply alleges matters that, if true, would destroy the jurisdiction of the drain commissioner, and there being no other question raised, the proper proceedings would have been certiorari; that the bill fails to show any equity on the face of it; and that therefore the circuit judge had no jurisdiction to issue the injunction, and it should have been dissolved upon application. It is also contended that if this injunction is not dissolved the case cannot be heard upon its merits for something like a year, and that then the drain could not be constructed, so as to be of any value, until 1907, and that this would be a great injury to the landowners, as well as the contractors who took said contracts, and had a right to rely upon the proceedings; no appeal or proceedings in certiorari having been taken to attack the same.

Respondent contends that the claim of pressing necessity for the relief asked is met by the fact set forth, showing that Loudenslager's injuries are due to his own negligence, and that the failure to bring the cause to a hearing was due to the default of relator or his counsel.

It was said by this court in *Michigan Mut. Fire-Ins. Co.* v. *Wayne Circuit Judge*, 112 Mich. 271:

"It is a general rule that the writ will not lie where the law has provided another remedy. It is said a writ of mandamus issues because there is no other adequate remedy, and justice and good government require a redress of the wrong. A court will not be required by this writ to take any action when another remedy is provided. It will not take the place of an appeal or writ of error. Merrill, Mand. §§ 201, 209. To this rule an exception is made if the slowness of ordinary legal forms is likely to produce such immediate injury or mischief as ought to be prevented. Merrill on Mandamus, § 198; *People* v. *Cass Circuit Judge*, 39 Mich. 410; *Talbot Paving Co.* v. *Detroit Common Council*, 91 Mich. 262. The writ will be entertained when the court has refused to retain jurisdiction, supposing it had no jurisdiction when it had

jurisdiction in fact, because, if the writ was not entertained under such circumstances, the party would be without remedy.   On the contrary, if the court claims jurisdiction in a case where it is not entitled to exercise it, such action of the court can be reviewed by appeal or writ of error.   In such a case the writ of mandamus ought not to issue.   Applying these general principles to the case now here, we do not regard it as a case where the writ should issue.   If the court is wrong in asserting jurisdiction, the aggrieved party has a remedy by writ of error."

And in the case of *Roberts* v. *Lenawee Circuit Judge,* ante, 115, we said:

"The motion is, in effect, a motion to dismiss for want of jurisdiction.   The trial judge, in overruling the matter, held he had jurisdiction.   Under these circumstances, the order of the court cannot be reviewed by mandamus. *Stevens* v. *Harris,* 99 Mich. 233; *Michigan Mut. Fire-Ins. Co.* v. *Wayne Circuit Judge,* 112 Mich. 270; *Steel* v. *Clinton Circuit Judge,* 133 Mich. 698.".

Under these decisions, we think that the application must be denied; it appearing to us that the relator's default in filing his answer, and thereby delaying the hearing of the cause, puts him outside of the exception referred to in *Michigan Mut. Fire-Ins. Co.* v. *Wayne Circuit Judge,* 112 Mich. 270.

MOORE, C. J., and MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.