PENINSULAR CLUB OF GRAND RAPIDS *v.* KENT CIRCUIT
JUDGE.

1. MANDAMUS—PROPRIETY—ADEQUATE REMEDY—ERROR.
   Mandamus is not the proper remedy to review an order of the
   circuit court denying a motion to dismiss quo warranto pro-
   ceedings on the ground that leave to file the information was
   not obtained, the remedy by error being adequate and avail-
   able.

2. SAME—GROUNDS—WAIVER OF DEFENSES.
   That a plea to an information in quo warranto will be a
   waiver of the jurisdictional question raised by a motion to
   dismiss, is no reason why this court should grant a writ of
   mandamus to review the action of the circuit court in deny-
   ing such motion, the matter of waiver being one of choice.

Mandamus by the Peninsular Club of Grand Rapids to
compel Willis B. Perkins, circuit judge of Kent county,
to dismiss certain quo warranto proceedings. Submitted
October 22, 1907. (Calendar No. 22,521.) Writ denied
January 6, 1908.

*Crane & Norris*, for relator.

*John S. McDonald*, Prosecuting Attorney (*Colin P.
Campbell*, of counsel), for respondent.

McALVAY, J. In the circuit court for Kent county the
prosecuting attorney, in the name of the people, upon his
relation, without the leave of the said court, filed an in-
formation in the nature of a quo warranto against relator,
alleging that relator was a corporation organized under
an act (Act No. 356, Laws 1865) of the legislature of this
State, entitled "An act to authorize the formation of cor-
porations for literary and scientific purposes," and charg-
ing that said corporation was exercising privileges not
conferred by law, and that it was engaged in an unlawful
business, to wit, the business of selling at retail spirituous,
malt, brewed, fermented, and vinous liquors without ob-

taining license therefor as required by the laws of this State, and praying an inquiry by what warrant petitioner claimed to exercise said rights and privileges.

Relator moved to dismiss said proceedings for the reason that the same had been begun and the information filed therein by the prosecuting attorney without the leave of the court previously obtained. This motion was heard before said circuit court and was denied by respondent in this proceeding, who heard and decided said motion. Relator asks for a writ of mandamus commanding respondent to vacate and set aside the order denying said motion, and to enter an order granting the same.

It is objected that, the court having retained jurisdiction in denying relator's motion, mandamus is not the proper remedy. Relator meets this objection by urging that this action of the court is not a final judgment; that certiorari will not lie because the proceeding is according to the course of common law; and that if relator pleads to the information, the right to raise this jurisdictional question will be waived. If, in this case, as claimed by relator, pleading to the information will be a waiver of this jurisdictional question—which we do not decide—that will be no reason why this court should grant this writ. The matter of a waiver is always one of choice. This case is controlled by the decisions of this court which hold that mandamus will not issue where other adequate remedy is available. *Michigan Mut. Fire-Ins. Co.* v. *Wayne Circuit Judge,* 112 Mich. 272; *Cattermole* v. *Ionia Circuit Judge,* 136 Mich. 274; *Roberts* v. *Lenawee Circuit Judge,* 140 Mich. 115; *Chatfield* v. *Lenawee Circuit Judge,* 140 Mich. 636; *Sharp* v. *Montcalm Circuit Judge,* 144 Mich. 328; *Hitchcock* v. *Wayne Circuit Judge,* 144 Mich. 362; *Cosgrove* v. *Wayne Circuit Judge,* 144 Mich. 682; *City of Flint* v. *Genesee Circuit Judge,* 146 Mich. 439.

The writ is denied.

GRANT, C. J., and BLAIR, OSTRANDER, and HOOKER, JJ., concurred.