ROCK ISLAND PLOW CO. *v.* SMITH.

1. JUSTICES OF THE PEACE — SPECIAL APPEAL — QUESTIONS RE-
   VIEWABLE.
   > It is proper to overrule a special appeal from justice's court
   > unless the record shows want of jurisdiction.

2. COMPROMISE AND SETTLEMENT — EVIDENCE — BEST EVIDENCE
   RULE.
   > In an action for goods sold, for which defendants claimed they
   > had made payment by a compromise, oral testimony that
   > certain items were not entered in the plaintiff's books until
   > after the alleged compromise, is not incompetent under the
   > best evidence rule.

3. SAME—PLEADING—BILL OF PARTICULARS—COMPROMISE.
   > Although no bill of particulars was filed, the claimed de-
   > fense made. it admissible to prove what was included in the
   > settlement.

4. SAME—EVIDENCE.
   > It is *held* that the evidence warranted the submission to the
   > jury of the question whether or not a plow had been in-
   > cluded in the settlement.

5. COSTS—APPEALS FROM JUSTICES' COURTS.
   > Costs, on appeal from justice's court, are discretionary with the
   > circuit judge.

Error to Allegan; Padgham, J. Submitted April 18,
1910. (Docket No. 133.) Decided July 14, 1910.

Assumpsit in justice's court by the Rock Island Plow
Company against Jay L. Smith and Guy E. Smith, co-
partners as J. L. Smith & Son, upon an account stated.
There was judgment for plaintiff, and defendants ap-
pealed to the circuit court. A judgment for plaintiff is
reviewed by defendants on writ of error. Affirmed.

*Clare E. Hoffman* (*E. J. Anderson,* of counsel), for
appellants.

*David Stockdale & Son* (*Charles Thew,* of counsel),
for appellee.

Hooker, J.   The plaintiff sued the defendants, who were dealers in agricultural implements, in justice's court, upon an account between them.   Upon the return day, an adjournment of a week was granted upon the application of the defendants, and upon the adjourned day a judgment was rendered, from which the defendants appealed.   Later there was a trial of the merits at circuit, after defendants' special appeal had been overruled, resulting in a verdict and judgment for the plaintiff, and the defendants have again appealed.

A number of assignments of error are relied on, but the questions are comparatively few.   We will not therefore discuss each individual assignment separately, but will endeavor to cover them all in our discussion of the questions.

1. Questions Relating to the Special Appeal.   The record shows jurisdiction in the justice and therefore the court properly overruled the special appeal.   *McGraw* v. *Sturgeon*, 29 Mich. 426; *Dalton* v. *Laudahn*, 30 Mich. 349; *Deitz* v. *Groesbeck*, 32 Mich. 303; *Benjamin* v. *Dodge*, 50 Mich. 41 (14 N. W. 675); *Stevens* v. *Harris*, 99 Mich. 230 (58 N. W. 230).   This disposes of all alleged errors committed by the justice.

2. Errors at Circuit.   The cause was tried upon its merits before a jury in the circuit.   The issue was made by a declaration and a plea.   No bill of particulars was ever filed in the cause.   It is admitted that the parties had a settlement in August, 1906, when a statement was made and signed by both.   Among the items claimed by plaintiff are three invoices of goods in the July previous to the settlement.   The defendants claimed that they should be considered settled; the articles having been furnished before the settlement.   This raised the question whether they were included in the statement and settlement.   Plaintiff also claimed pay for some old chains and a Hilo sulky plow, while defendants claimed that they were entitled to credit for them because returned.   The items in dispute which were left to the jury were:   The

July items, $63.41; the sulky plow $27.50; the chains $43.20. The verdict was for $90.91 with interest at 5 per cent. from August 14, 1906, amounting to $17.81, making a total of $108.72. It is apparent that the plaintiff did not recover for the chains, and the only questions that we need consider must relate to the July items and the plow.

(a) The July Items. The question before the jury as to these items was simply whether these invoices were included in the statement and settlement of August, 1906. Defendants offered some testimony tending to show that they were. Plaintiff offered testimony to the contrary. Defendants' brief admits that the only question was whether these goods had been paid for. Van Buren testified that they were not in the statement settled, and gave as a reason that they had not been posted in the ledger when the statement was made. This testimony was objected to, but no ground was stated. It is now claimed not to have been the best evidence. The fact was a proper one to prove, and this may have been the best evidence, for the books themselves might not, and probably would not, have shown the dates when the entries were made. At all events, the alleged error should be disregarded, under repeated decisions, the ground of objection not having been stated.

It is claimed that plaintiff was allowed to prove the various items included in the settlement, and that this was error for the reason that they were not included in the bill of particulars. Counsel admit that there was no bill of particulars, unless an affidavit of items claimed, filed and served with the summons, is to be treated as one. It is enough to say that the defendant brought this question into the case by claiming a settlement of the July items. That made it proper for plaintiff to prove what was and what was not included in the statement and settlement. The court also held that an earlier settlement than that of August, 1906, was immaterial, and we do not discover anything in the record that indicates error in this.

(*b*) The Plow. The statement and settlement gave defendant a credit for the plow. In the cross-examination of plaintiff's witness he testified:

"Smith sent the chains and the plow to the company in December. Smith paid the company everything except that $43.20 for the chains, and the $27.50 for the plow, and those three July items.

"*Q*. And that is all the dispute is about, isn't it?

"*A*. That is all there is."

Defendant J. L. Smith testified:

"*Q*. Now you may state what papers Mr. Van Buren had at that settlement of August 14, 1906.

"*A*. He had a statement of the entire account for the year, and I looked it over and took him in the office with me. We went over it together, took our invoices; and they agreed exactly, each item. These invoices here were in the statement; we checked them up. I think you will find the check marks on those originals right there and he said everything was all right, and we settled up in full to date everything, and with the exception of $27.50 that was left out on the plow; that was to be fixed up and then that was to be paid for. We talked that up thoroughly.

"*Mr. David Stockdale:* I will object to anything said about the plow.

"*The Court:* Well, that is talk; that would be permissible.

"*A*. (continuing) Talked in that settlement; he was to fix the plow.

"*The Court:* It would be admissible, what was said in that settlement.

"*Q*. Now just state what he said.

"*A*. He was to fix the plow and I would send him a check and he said he didn't want to have any reflections cast on him and I said ' I will write a letter to cover that,' and I said, ' Give me your word you will fix it and I will give you my word I will send the check.'

"*Mr. John B. Stockdale:* I move to strike out the testimony of this witness relative to that plow, because the matter at that time was reduced to writing and signed by Mr. Smith, and that is the part that governs here, as we claim, not what talk he had with Mr. Van Buren; what they got in writing.

"*The Witness:* If your honor please, if I tell the conversation—

"*Mr. John B. Stockdale* (interrupting): Just a moment now.

"*The Witness* (continuing): I won't deviate a bit from it.

"*The Court:* I think that any statement that was not in writing would be inadmissible here, changing the terms of the writing. Any outside talk that they had would be contrary not only to the general rule, but would be contrary to their contract, if they ever had a contract of any kind.

"*Mr. Hoffman:* We save an exception.

"*Mr. Anderson:* I always understood there was a rule that you could show the true consideration for a settlement of a contract.

"*The Court:* Well, there was consideration enough for writing what he did write. Well, let it stand.

"On August 14, 1906, the date we settled, Van Buren brought a statement of the account, and to the best of my recollection the three items in July, '06, which are in dispute were in that statement. I didn't have the statement in my hand. I do not remember whether he left a copy of this statement of account that he brought with him with me. This statement was a different paper than the settlement of account which he made out while there. He read off the items from this statement of account, and I checked my invoices from his reading."

Cross-examination:

"I testified on the former trial that those three items in July, $27.47, $16.44, and $19.50—I understand there were four items bunched in three—were all settled for in this settlement, everything cleaned up to August 14th. I had my invoices there and they agreed exactly with his statement. Our settlement was very pleasant; just Hilo plow that had not been fixed was the only difficulty."

Identifies settlement sheet and says a copy of it was left with him.

The evidence shows that the defendants settled and were credited for this plow. His counsel contend that this was upon condition that it should be repaired. Van Buren testified that he gave him the credit as a disputed

item, and took a letter from defendants to plaintiff as follows:

"*Gentlemen:*    J. D. Van Buren, your representative, called on us today and we congratulate you on having so competent a man and one who seems to be very fair in settlement on both sides, and as we have a Hilo plow that has cost us a good deal of time in trying to get settlement we think that is all we should lose, inasmuch as we are not to blame for this tool not doing business properly. Our customer claims he couldn't plow even where tall stubble was without clogging; the clogging being caused by lever holding lifting frame.    Now, Mr. Van Buren does not feel like taking the liberty in making settlement for this plow to be returned.    So I make a proposition to settle as follows:    To settle in full, except $27.50 for Hilo plow we have on hand; has been used and could not get a settlement as stated above.    We agree if this settlement is not satisfactory the Rock Island Plow Company is to notify us and we will remit check for same.    Your will is our pleasure in this matter.    We do not cast any shade on Mr. Van Buren, as we believe that he is working for the benefit of the Rock Island Plow Company in every way."

The reply was:

"J. L. SMITH & SON,
            "Wayland, Mich.
    "*Gentlemen:*    Referring to the settlement of August 14th of your season's account, we have decided to accept the settlement with the exception of the conditional credit of $27.50 for a Hilo sulky plow you mention as on hand, and the 24 hay loader chains, $43.20, to return.    This credit for hay loader chains has been carried in your account since Mr. Woodward's settlement of December 21, 1904, which settlement we accepted at the time as a final adjustment between us of the matters in question.    We pass the allowance of extending the time on goods sold to January 15th, conditional on prompt remittance for the $27.50, and shipment of the chains or remittance for whatever you are short on returning.    As soon as we receive a remittance for the $27.50 and an accounting of the chains—you should see that these are shipped at once, sending us the bill of lading so that we can trace credit to your account—we will enter the settlement on our

books. Thanking you for your prompt attention and trusting that the coming season will show a handsome increase in the sales of our goods, we remain,

"Yours truly,

"ROCK ISLAND PLOW COMPANY."

The question was fairly submitted to the jury, and they found for plaintiff. We do not see that defendant was injured by the exclusion of evidence, the remarks of counsel, or the charge of the court. We cannot interfere with the order of the circuit court in relation to costs.

The judgment is affirmed.

OSTRANDER, MOORE, BLAIR, and STONE, JJ., concurred.