MIKKOLA *v.* HOUGHTON CIRCUIT JUDGE.

APPEAL AND ERROR—MANDAMUS—JUSTICES OF THE PEACE—DILATORY APPEAL.

> Since error lies to review a cause in which the circuit court erroneously takes or retains jurisdiction, mandamus will not issue to vacate an order allowing a dilatory appeal from justice's court, which, relator contends, was entered without jurisdiction.

Mandamus by William Mikkola against Albert T. Streeter, circuit judge for the county of Houghton, to compel respondent to vacate an order granting a dilatory appeal from justice's court. Submitted April 1, 1911. (Calendar No. 24,341.)   Writ denied May 8, 1911.

*William A. Bateman,* for relator.

*O'Brien & Le Gendre,* for respondent.

HOOKER, J.   The relator asks a mandamus to compel the respondent, a circuit judge, to vacate an order allowing a dilatory appeal from a justice's court.

We held, in the case of *Michigan Mut. Fire Ins. Co. v. Wayne Circuit Judge,* 112 Mich. 272 (70 N. W. 582), that, in cases where a court erroneously takes or retains jurisdiction, mandamus should not issue, for the aggrieved party has a remedy by writ of error.   This case has been followed repeatedly since.   Mr. Justice MOORE said, in *St. Clair Tunnel Co. v. St. Clair Circuit Judge,* 114 Mich. 419 (72 N. W. 250):

"If it was within the discretion of the circuit judge to allow the amendment to the declaration, his discretion should not be reviewed.   If it was not within his discretion, because of want of power to make the order, or if his discretion was abused, as we have before seen, his action can be reviewed by writ of error."

We denied a mandamus in the case of *Reed* v. *St. Clair Circuit Judge*, 122 Mich. 153 (80 N. W. 986); Mr. Justice LONG saying:

" If the court claims jurisdiction in a case where it is not entitled to exercise it, such action of the court can be reviewed by appeal or writ of error.   In such a case, the writ of mandamus ought not to issue."

See, also, for an application of this rule, *Steel* v. *Clinton Circuit Judge*, 133 Mich. 698 and 699 (95 N. W. 993), where many authorities are cited, and *Cattermole* v. *Ionia Circuit Judge*, 136 Mich. 276, 277 (99 N. W. 1), and cases cited.

In *Valley City Desk Co.* v. *Kent Circuit Judge*, 139 Mich. 197 (102 N. W. 652), Mr. Justice OSTRANDER said:

" Without entering into a discussion of the points relied upon by the relator, it seems sufficient to say that the court below asserts and retains jurisdiction, that the facts relied upon by relator are claimed to show a want of jurisdiction, and that the questions mooted can be determined upon a writ of error; and, following the decision in *Cattermole* v. *Ionia Circuit Judge*, 136 Mich. 274 (99 N. W. 1); *Michigan Mut. Fire Ins. Co.* v. *Wayne Circuit Judge*, 112 Mich. 270 (70 N. W. 582); and *Dages* v. *Sanilac Circuit Judge*, 122 Mich. 490 (81 N. W. 355), the application of relator should be denied."

In *Roberts* v. *Lenawee Circuit Judge*, 140 Mich. 116 (103 N. W. 512), MOORE, C. J., said:

" The motion is, in effect, a motion to dismiss for want of jurisdiction.   The trial judge, in overruling the matter, held he had jurisdiction.   Under these circumstances, the order of the court cannot be reviewed by mandamus. *Stevens* v. *Harris*, 99 Mich. 233 (58 N. W. 230); *Michigan Mut. Fire Ins. Co.* v. *Wayne Circuit Judge*, 112 Mich. 270 (70 N W. 582); *Steel* v. *Clinton Circuit Judge*, 133 Mich. 698 (95 N. W. 993)."

See, also, *Sharp* v. *Montcalm Circuit Judge*, 144 Mich. 328 (107 N. W. 874), where mandamus was asked to compel the vacation of an order denying a motion to dismiss an appeal, and we said:

"It is obvious that relator ( provided he does nothing that amounts to a waiver) may review the order complained of by writ of error after final judgment. It is settled by many recent decisions of this court ( see *Michigan Mut. Fire Ins. Co.* v. *Wayne Circuit Judge*, 112 Mich. 270 [70 N. W. 582]; *Cattermole* v. *Ionia Circuit Judge*, 136 Mich. 274 [99 N. W. 1]; *Roberts* v. *Lenawee Circuit Judge*, 140 Mich. 115 [103 N. W. 512]; *Chatfield* v. *Lenawee Circuit Judge*, 140 Mich. 636 [104 N. W. 45]) that he must content himself with that method of review, and is not entitled to a writ of mandamus."

The practice is settled, and relator's application has not conformed to it.

The writ is denied.

MOORE, MCALVAY, BROOKE, and BLAIR, JJ., concurred.