GIFFORD v. WASHTENAW CIRCUIT JUDGE.

MANDAMUS—ADEQUATE REMEDY AT LAW—ESTATES OF DECEDENTS—
PROBATE COURT—EXECUTOR'S FINAL ACCOUNT—APPEAL.
    Mandamus is not the proper remedy to vacate an order re-
    instating an appeal from probate court by legatees of an
    estate, in relation to the final account of the administrator,
    where the notice of filing the appeal was not served in
    time, and the record or other papers were not returned
    from probate court in the 30 days' period as required by
    statute (1 Comp. Laws, § 672; 5 How. Stat. [2d Ed.]
    § 12120).

Mandamus by William W. Gifford as administrator
and trustee of the estate of Charles K. Perrine, de-
ceased, against Edward F. Kinne, circuit judge for the
county of Washtenaw, to compel the respondent to va-
cate an order reinstating an appeal from probate court
of Albion College and another. Submitted June 15,
1915. (Calendar No. 26,567.) Writ denied December
22, 1915.

A. J. Sawyer (James G. McHenry, of counsel), for
relator.

Robert A. Smith (Wilson & Cobb, of counsel), for
respondent.

PERSON, J. The relator asks a mandamus to compel
the respondent to vacate an order reinstating an ap-
peal from the probate court. On the 20th day of June,
1914, the probate court for the county of Washtenaw
made an order allowing the final account of relator
as administrator with the will annexed of the estate
of Charles K. Perrine, deceased. Within the 60 days
allowed by statute—that is, on the 13th day of the fol-
lowing August—Albion College and Alma College,

residuary legatees under the will, filed with the judge of probate their notice of appeal from such order, with their reasons therefor, and a duly approved bond. Upon the same day the probate court made a further order directing that notice of such appeal should be personally served upon the relator, as the adverse party, within 30 days from that date. The notice of appeal was not served upon the relator as directed by the probate court, nor was a copy of the·record appealed from, or of the other papers required by law, filed in the circuit court within the 30 days after the taking of the appeal, wherefore the appeal ceased, by virtue of the statute, to be of any effect. Within the first 10 days of the term of the circuit court next succeeding the expiration of the 30 days allowed for filing the record, appellants made application, under the provisions of section 672, 1 Comp. Laws (section 12120,. 5 How. Stat. [2d Ed.]), for a reinstatement of the appeal. Upon the hearing of this application the circuit court made an order reinstating the appeal.

It is claimed by the relator that he had not sufficient or proper notice of the hearing upon the application to reinstate the appeal; that the showing upon which the order of reinstatement was made was not sufficient to give the court jurisdiction; and that, for these reasons, the order should be vacated and set aside.

As has been frequently held by this court, mandamus is not the proper remedy in cases of this kind. The court retained jurisdiction of the appeal, and the relator, providing he does nothing amounting to a waiver, may review the order complained of by writ of error after final judgment. The situation does not differ in principle from that in *Mikkola* v. *Circuit Judge,* 165 Mich. 583 (130 N. W. 1118), where this court refused to allow a mandamus for the purpose of vacating an order granting a dilatory appeal from justice's court.

The writ is therefore denied.

BROOKE, C. J., and KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.

This motion having been submitted on briefs, without oral argument, was reassigned after the death of Justice McALVAY.